COMMONWEALTH vs. ROBERT STILLWELL.

Suffolk.   October 6, 1982. — December 14, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Homicide.   Malice.   Self-Defense.   Practice, Criminal,* Instructions to jury.

At a murder trial in which the main issue in dispute was the presence or absence of malice, the judge's instructions to the jury, which had the effect of requiring them to presume malice solely from the fact the defendant had used a dangerous weapon, impermissibly shifted the burden of proof to the defendant on the issue of malice, and thus constituted error requiring a new trial. [731-734]

MOTION for a new trial filed in the Superior Court Department on May 14, 1980.

The motion was heard by *McGuire,* J.

*Anthony M. Traini* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J.   Convicted of murder in the first degree, see *Commonwealth* v. *Stillwell,* 366 Mass. 1 (1974), cert. denied sub nom. *McAlister* v. *Massachusetts,* 419 U.S. 1115 (1975), the defendant appeals from the denial of his motion for a new trial.[1]   Stillwell challenges the jury instructions on malice and self-defense.   Stillwell alleges that "the malice instructions raise 'serious questions about the accuracy of [the] guilty verdicts.' *Commonwealth* v. *Stokes,* 374 Mass.

---

[1] Pursuant to G. L. c. 278, § 33E, Stillwell obtained permission from a single justice of this court to prosecute his appeal.

583, 589 (1978), quoting from *Hankerson* v. *North Carolina,* 432 U.S. 233, 241 (1977)." *Commonwealth* v. *Richards,* 384 Mass. 396, 399 (1981). Stillwell argues that, read as a whole, the jury instructions impermissibly shifted the burden of proof to the defendant on the issues of malice and self-defense. Stillwell concludes that the jury instructions "may well have precluded a reasonable juror from considering manslaughter or acquittal by reason of self-defense as possible verdicts." *Commonwealth* v. *Richards, supra* at 398. See *Sandstrom* v. *Montana,* 442 U.S. 510 (1979). We agree. Therefore, we reverse and remand for a new trial.[2]

We are concerned with a homicide which "arose out of a dispute between the defendant and the victim Parker over a $10 bet made at a game of dice on June 6, 1969." Stillwell did not deny that he shot Parker; instead he claimed that he shot Parker in self-defense. *Commonwealth* v. *Stillwell, supra* at 5.[3]

In this appeal, the defendant does not challenge the general instructions on the Commonwealth's burden of proof and the presumption of innocence.[4] "Rather, he claims

---

[2] Since Stillwell's trial took place in 1971, before *Sandstrom* v. *Montana,* 442 U.S. 510 (1979), and *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), it is not fatal to his claim that no objection was lodged to the instructions at the time of trial. See *Commonwealth* v. *Richards,* 384 Mass. 396, 398-399 (1981), and cases cited.

[3] In this appeal, the Commonwealth claims that there was insufficient evidence to warrant an instruction on self-defense because the defendant had ample opportunity to flee, and thus avoid combat. Contrary to the Commonwealth's assertion, however, there was sufficient evidence to permit the jurors to consider Stillwell's claim of self-defense. Once evidence of self-defense is presented, it is for the jurors to determine what weight, if any, they will give to such evidence. Thus, the Commonwealth's argument that the claim of self-defense is without merit is an issue for the jury, not this court.

[4] The judge told the jurors that the defendant "ha[d] no burden to prove any fact whatsoever"; that "[t]he Commonwealth ha[d] the burden of proving guilt of the defendant beyond a reasonable doubt"; and the Commonwealth "must prove every necessary element of the crime in order to convict [Stillwell] of the charge set forth in [the] indictment; namely, murder."

that [these] instruction[s] [were], in effect, negated by the judge's instructions on malice, the main disputed issue at trial." *Commonwealth* v. *Richards, supra* at 399.

In the instructions on malice, the judge instructed the jurors that "[t]he implication of malice arises in every case of intentional homicide; and, the fact of the killing being first proved, all the circumstances of accident, necessity or infirmity, are to be satisfactorily established by the party charged, unless they arise out of the evidence produced against [the defendant] to prove the homicide, and the circumstances attending it."[5] After deliberating for approximately two hours, the jurors asked the judge to define again murder in the second degree. In the course of these supplementary instructions, the judge told the jurors, "If all we had in this case was the fact that Mr. Stillwell shot Mr. Parker, and that he died, there would arrive from those simple facts, without more, a presumption of malice, and that would be murder. It is always murder when we have a killing, coupled with malice aforethought, and again time is

---

[5] Other pertinent parts of the malice instructions were as follows: "But where the fact of killing is proved by satisfactory evidence, and there are no circumstances disclosed tending to show justification or excuse, there is nothing to rebut the natural presumption of malice. This rule is founded on the plain and obvious principle that a person must be presumed to intend to do that which he voluntarily and willfully does in fact, do, and that he must intend all the natural, probable, and usual consequences of his own acts. Therefore, when one person assails another violently with a dangerous weapon likely to kill and which does in fact destroy the life of the party assailed, the natural presumption is that he intended death or other great bodily harm; and, as there can be no presumption of any proper motive or legal excuse for such a cruel act, the consequence follows that, in the absence of all proof to the contrary, there is nothing to rebut the presumption of malice and the killing is murder."

"To kill another intentionally is such a wrongful act that its very wrongfulness and unlawfulness carries with it malice; for, as I said to you, malice might as well be a wrong or unlawful motive as a killing from revenge, and it is wrongful for one person to take the life of another. You may be the witness of a killing where one is shot down by another with a revolver, and unable for the life of you to understand the motive in that man's mind in attempting to kill the other, for he may have been his best friend, but the killing, if proved, in and of itself, to be intentional, carries with it malice. Malice being present, a killing is murder."

not a factor. Malice aforethought is an essential ingredient, and it is an indispensable element of the crime of murder." The judge repeated his prior instruction that "[i]f there is an intention to inflict bodily injury upon another, which is not justified on any lawful grounds, that intention is malice within the meaning of the law."

We conclude that the instructions on malice were fatally flawed. "The language of the instructions as a whole raises questions about the integrity of the jury's implicit finding of malice aforethought. In context, the only reasonable inference a juror could draw from the instructions as a whole was that it was the defendant who had to disprove malice. None of the instructions indicated to the jurors that the use of the gun did not make the finding of malice aforethought mandatory. . . . The only inference a reasonable juror could have drawn from the instructions as a whole, was that, if the jury found the defendant had used a dangerous weapon, it was the defendant's obligation to disprove the presumption of malice. . . . [Thus], the instructions do not clearly place on the Commonwealth the duty to prove the presence of malice beyond a reasonable doubt." *Commonwealth* v. *Richards,* 384 Mass. 396, 402-404 (1981).

It is the "lack of qualifying instructions as to the legal effect of the presumption," which makes it possible for a reasonable jury to interpret the presumption as burden-shifting, and hence invalid. *Sandstrom* v. *Montana,* 442 U.S. 510, 517 (1979). Had the language of the charge merely permitted the jury to infer the fact of malice, rather than requiring them to presume it solely from the fact of the shooting, no new trial would be necessary. *Ulster County Court* v. *Allen,* 442 U.S. 140, 157 (1979).

The Commonwealth urges us to find that the errors in the instructions were harmless beyond a reasonable doubt because the jurors returned a verdict of murder in the first degree. That verdict, however, may have been based on the mandatory aspect of the malice instructions and the shifting of the burden of proof to Stillwell on justification, rather than on a consideration of the evidence, in light of

the Commonwealth's burden of proof on malice and self-defense.

Malice was the main issue disputed at Stillwell's trial. The Commonwealth's arguments, in effect, ask this court to decide the issues of malice and self-defense. See note 3, *supra*.[6] This we cannot do. "Once sufficient evidence is presented to warrant submission of the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence." *Commonwealth* v. *Hoffer*, 375 Mass. 369, 377 (1978).

The order denying defendant's motion for a new trial is reversed, the judgment is vacated, the verdict is set aside, and the case is remanded to the Superior Court for a new trial.

*So ordered.*

---

[6] Since the malice portion of the instructions is sufficient to warrant reversal, we do not consider the self-defense instructions apart from the malice instructions. We note that language in the charge concerning self-defense was similar to that which we held required reversal in *Connolly* v. *Commonwealth*, 377 Mass. 527, 532-533 (1979), and *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 691 (1976). At Stillwell's trial, the judge failed to instruct the jurors that the Commonwealth had the burden of proof of lack of self-defense. Instead, the judge used "finding" language similar to the instructions in *Connolly, supra* at 537, and *Rodriguez, supra* at 690.