## COMMONWEALTH *vs.* FREDERICK MOREIRA.

Middlesex. January 5, 1982. — April 12, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Instructions to jury, Presumptions and burden of proof. *Due Process of Law,* Presumptions and burden of proof. *Motor Vehicle,* Operating under the influence.

At the trial of a complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor, the judge's instructions to the jury respecting the presumptive effect to be given to the results of a breathalyzer test improperly shifted to the defendant the burden of proof on the question of his intoxication. [793-797]

COMPLAINT received and sworn to on September 2, 1980, in the Somerville Division of the District Court Department.

The case was tried in the Third Eastern Middlesex Division before *Murphy,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Bruce T. Macdonald* for the defendant.

*Robert L. Rossi,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. On August 30, 1980, two Somerville police officers pursued a motorcycle that the defendant was operating in an erratic manner, stopped the defendant, and arrested him. Though no field sobriety test was performed, the officers formed the opinion that the defendant was under the influence of intoxicating liquor. The defendant was taken to a police station where a breathalyzer test was administered. A reading of .12 percent blood alcohol was recorded.

The defendant was tried before a jury of six in the Cambridge Division of the District Court Department on three complaints charging: (1) operating a motor vehicle while under the influence of intoxicating liquor; (2) refusing to stop for a police officer; and (3) operating a motor vehicle without a license. At the close of the evidence, the judge allowed the defendant's motion for a required finding of not guilty on the charge of operating a motor vehicle without a license. The jury acquitted the defendant on the charge of refusing to stop for a police officer and found him guilty of operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (a). The defendant appealed, and we transferred the case to this court on our own motion.

In his charge to the jury on the complaint charging operation of a motor vehicle while under the influence of intoxicating liquor, the judge tracked the language of G. L. c. 90, § 24 (1) (e),[1] which relates to the presumptive effect to be given to evidence indicating specific percentages of blood alcohol on the question whether the defendant was under the influence of liquor. After giving instructions based on the statute, the judge stated: "So if you are convinced beyond a reasonable doubt that the test administered to the defendant is scientifically accurate and was properly and

---

[1] In pertinent part the judge instructed as follows: "[I]n any prosecution for a violation of paragraph 1(a) of this section, (which pertains to the charge of operating under the influence of intoxicating liquor), evidence of the percentage by weight of alcohol in the defendant's blood at the time of the alleged offense as shown by chemical test or analysis of his blood or as indicated by chemical test or analysis of his breath shall be admissible and deemed relevant to the determination of the question of whether such defendant was at such time under the influence of intoxicating liquor. If such evidence is that such percentage was five one-hundredths or less there shall be a presumption that such defendant was not under the influence of intoxicating liquor. If such evidence is that such percentage was more than five one-hundredths but less than ten one-hundredths there shall be no presumption. And if such evidence is that such percentage was ten one-hundredths or more there shall be a presumption that such defendant was under the influence of intoxicating liquor."

competently administered, then you are bound to follow the presumptions of the test, or the statute. However, if you have a reasonable doubt as to the accuracy of the test, either because it is scientifically invalid or that it was not properly or competently administered, or if you find that the presumptions raised by the statute have been overcome by other competent evidence, then you should disregard the test and find the defendant innocent or guilty based on the remaining evidence in the case."[2]

The defendant argues that the totality of the judge's instructions shifted to the defendant the burden of proof on the question whether he was under the influence of intoxicating liquor. We agree.

We note first that it is constitutionally impermissible to shift to a defendant the burden of disproving an element of a crime charged. *Sandstrom* v. *Montana*, 442 U.S. 510 (1979). *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). *In re Winship*, 397 U.S. 358 (1970). See *Commonwealth* v. *Munoz*, 384 Mass. 503 (1981); *Commonwealth* v. *Callahan*, 380 Mass. 821 (1980). It follows that it is prohibited to shift the burden of proof to a defendant by means of a presumption. *Sandstrom* v. *Montana, supra. Patterson* v. *New York*, 432 U.S. 197, 215 (1977). *DeJoinville* v. *Commonwealth*, 381 Mass. 246 (1980).

We have previously discussed the types of presumptions which may be raised by a judge's charge. See *DeJoinville* v. *Commonwealth, supra* at 252-253 nn. 11-13. Conclusive and mandatory presumptions are constitutionally infirm, while permissive presumptions, or inferences, are permissible. In a case of this nature we first "determine the nature of the presumption [the jury instruction] describes. . . . [That] depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom* v. *Montana, supra* at 514. The Commonwealth contends that the language of the instruction, when considered in its en-

---

[2] This is Instruction 4.10 of the Model Jury Instructions for Criminal Offenses Tried in the District Court Department (1979).

tirety, see *Commonwealth* v. *Simmons*, 383 Mass. 40, 44 (1981), could not admit of a construction that would make the presumption mandatory to a reasonable juror. We disagree.

The definition of the term mandatory presumption propounded by the court in *McInerney* v. *Berman*, 473 F. Supp. 187, 188 (D. Mass. 1979), aff'd, 621 F.2d 20 (1st Cir.), cert. denied, 449 U.S. 867 (1980), is a useful guideline: "A jury is required to find an ultimate fact to be true upon proof of another fact unless they are otherwise persuaded by a preponderance of evidence offered in rebuttal." See *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 252 n.12 (1980). The presumption presented to the jury in the instant case falls within the *McInerney* definition. The jurors were told, in effect, that the fact of being under the influence of intoxicating liquor must be taken as proved unless one of two conditions was met: (1) the jurors had reasonable doubt as to the accuracy of the test or (2) the jurors found that the presumption was overcome by other competent evidence. The instructions thus shifted to the defendant the burden to prove that he had not been under the influence of liquor, as soon as the Commonwealth introduced the results of the breathalyzer test.

A jury may infer that a defendant was under the influence of liquor if he scored a reading of .10 on a breathalyzer test. No expert is required, and a verdict of not guilty cannot be directed against the Commonwealth if the only evidence introduced is a positive breathalyzer test. However a jury cannot be instructed that if the defendant failed to introduce evidence to gainsay the breathalyzer test, they are required to find the fact that the defendant was under the influence of intoxicating liquor. The jury should have been instructed that they could draw reasonable inferences from the results of the breathalyzer test in this case, but that the test is merely evidence of the defendant's being under the influence of liquor and does not necessarily dictate such a conclusion.

The Commonwealth contends that we should interpret the judge's charge as shifting to the defendant, at most, a

burden of production, not the burden of proof. See *Barnes* v. *United States*, 412 U.S. 837, 846 n.11 (1973). The Commonwealth maintains that such a shift in burden is constitutionally permissible. We note that it is inappropriate to instruct the jury on the burden of production because such a matter lies outside the function of the jury. See *State* v. *Strawther*, 116 S.W.2d 133, 139 (Mo. 1938); Annot., 120 A.L.R. 583 (1939).

We need not address the merits of the Commonwealth's constitutional argument, because we are persuaded that the judge's charge could have been interpreted as shifting the burden of proof. The jury were not told that the presumption would be overcome if the defendant produced *some* evidence that he was not under the influence of intoxicating liquor. Rather, the judge said that only if the presumption were "overcome" by other evidence could it be disregarded. A reasonable juror could have understood the instruction as shifting the burden of persuasion on that element of the offense. Accordingly, the instruction was constitutionally infirm. See *Sandstrom* v. *Montana*, 442 U.S. 510, 515-519 (1979).

General language in the judge's charge to the effect that the Commonwealth shoulders the burden of proving the defendant's guilt beyond a reasonable doubt and that the defendant has no duty to establish his innocence does not save the charge here. The test is what a reasonable juror *could* have understood the charge to mean, not what he was likely to understand. *Sandstrom* v. *Montana, supra* at 514. *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 250, 254 (1980). The portion of the charge to which particular objection is directed, even when read in conjunction with the remainder of the charge, could have led a reasonable juror to believe that he had to find that the defendant was under the influence of liquor unless the defendant persuaded him otherwise. See *Sandstrom* v. *Montana, supra* at 518-519 n.7. This is precisely the vice which must be avoided.

Since the judge's instructions could have been interpreted as shifting to the defendant the burden of proof on an ele-

ment of the crime charged, the defendant was deprived of due process of law, and thus we hold the instruction unconstitutional. *In re Winship*, 397 U.S. 358 (1970).

In our supervisory capacity, we comment on the problem of the use of the word "presumption" in jury instructions. Juries may, indeed generally must, draw inferences from evidence. A jury should be instructed on the permissive nature of an inference. See *Commonwealth* v. *Pauley*, 368 Mass. 286, 292-295 (1975); *Commonwealth* v. *Medina*, 380 Mass. 565, 577 (1980) (use of the word "presumption" regrettable); P.J. Liacos, Massachusetts Evidence 59-60 (5th ed. 1981). The word "presumption" must be given an explanation consistent with the meaning of inference. The safer course, perhaps, is to avoid the use of the word "presumption," in any context which includes the burden of proof in criminal cases.

For the foregoing reasons, the judgment on the complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor is reversed, the verdict is set aside, and the case is remanded to the jury of six session of the District Court for a new trial.

*So ordered.*