COMMONWEALTH *vs.* WILLIAM H. CRAWFORD. May 18, 1984. *Practice, Criminal,* Presumptions and burden of proof.

After a Superior Court jury trial, the defendant was convicted of unlawfully carrying a firearm (G. L. c. 269, § 10[*a*], as amended through St. 1978, c. 175, §§ 1 & 2) and possession of heroin (G. L. c. 94C, § 34). On appeal, he claims that the judge's jury instructions impermissibly shifted to him the burden of disproving elements of both crimes. We agree with the defendant's contention.

Crawford was stopped by police when he was seen leaving a vehicle for which they had been looking. The police patted Crawford down and arrested him after they discovered a handgun in his pocket. A search of his

---

person revealed forty-three pink capsules which the Commonwealth alleged contained heroin. Entered in evidence as part of the Commonwealth's case were a certificate of a ballistics expert (pursuant to G. L. c. 140, § 121A) which stated that the handgun was a "firearm" as that term is defined in G. L. c. 140, § 121 (as amended through St. 1973, c. 892, § 1), and c. 269, § 10, and a chemical certificate of analysis (pursuant to G. L. c. 111, § 13) which stated that each of the forty-three capsules contained heroin.

While explaining to the jury the significance of the certificate of the ballistics expert and the certificate of analysis, the judge stated that these documents should be considered prima facie evidence which he defined as having "a compelling effect, until and only until evidence appears that warrants a finding to the contrary." Defense counsel strenuously objected to this characterization. The quoted language from the judge's instruction in effect established mandatory presumptions that the gun was a working firearm and that the capsules seized from the defendant contained heroin. See *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 252 & n.12, 253-254 (1980). Contrast *Commonwealth* v. *Pauley*, 368 Mass. 286, 291-294, 298, appeal dismissed, 423 U.S. 887 (1975) (instructions on effect of prima facie evidence in the absence of competing evidence held proper where they permitted, but did not require the jury to find the inferred or presumed fact beyond a reasonable doubt). A presumption which shifts to the defendant the burden of persuasion on an element of the Commonwealth's case is constitutionally impermissible. *Mullaney* v. *Wilbur*, 421 U.S. 684, 703-704 (1975). *Sandstrom* v. *Montana*, 442 U.S. 510, 524 (1979). *Commonwealth* v. *Moreira*, 385 Mass. 792, 794-796 (1982).

Crawford did not offer to stipulate to the information that the Commonwealth sought to prove through the certificates. Nor did he implicitly concede the same through the nature of his defense that he did not possess the capsules or the gun knowingly. See and compare *Connecticut* v. *Johnson*, 460 U.S. 73, 85-88 (1983) (plurality opinion). In these circumstances, we cannot say that the error was harmless. See *id.*

The defendant has also alleged that the trial judge abused his discretion in failing to ask all the jurors during voir dire whether they would be predisposed to believe a policeman more than a civilian witness. We need not address this alleged error except to note that on retrial the voir dire of jurors on this issue should be governed by the opinion in *Commonwealth* v. *Sheline*, 391 Mass. 278, 291 (1984). See also *Commonwealth* v. *Szczuka*, 391 Mass. 666, 672 (1984).

*Judgments reversed.*
*Verdicts set aside.*

*Brownlow M. Speer* for the defendant.
*David B. Mark,* Assistant District Attorney, for the Commonwealth.