COMMONWEALTH vs. GEORGE BURKETT.

Suffolk. November 7, 1985. — January 13, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Assault with Intent to Murder. Intent. Practice, Criminal,* Instructions to jury.

Where trial and appeal in a criminal case occurred prior to the decision of
the United States Supreme Court in *Sandstrom* v. *Montana,* 442 U.S.
510 (1979), respecting challenges on constitutional grounds to jury in-
structions of presumptions of intent, the defendant was entitled to raise
such an issue on appeal from the denial of a motion for a new trial.
[511-512]

A defendant convicted of assault while armed with a dangerous weapon
with intent to murder was entitled to a new trial, where the judge's
instructions allowed the jury to presume an intent to murder from the
fact that the defendant had fired his gun at a police officer who was
pursuing him, and where, taken as a whole, the evidence in question
was susceptible to the inference that the defendant had fired his gun in
an attempt to scare off the police officer rather than in an attempt to
murder him. [512-514]

INDICTMENT found and returned in the Superior Court on
April 9, 1976.

Following the decision of the Appeals Court in 5 Mass.
App. Ct. 901 (1977), a motion for a new trial was considered
by *Roger J. Donahue,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*John P. Osler* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Com-
monwealth.

HENNESSEY, C.J. In June, 1976, the defendant, after a jury
trial in the Superior Court, was convicted of armed robbery,
kidnapping, unlawfully carrying a firearm, and assault while
armed with a dangerous weapon with intent to murder one

James Bickerton[1]. These convictions were affirmed in *Commonwealth* v. *Burkett,* 5 Mass. App. Ct. 901 (1977). In 1984, the defendant moved for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979), on the indictment charging him with assault while armed with a dangerous weapon with intent to murder. G. L. c. 265, § 18 (*b*) (1984 ed.). The trial judge denied the defendant's motion without hearing. The Appeals Court, by summary disposition, reversed the judge's order denying the defendant's motion for a new trial. 19 Mass. App. Ct. 1105 (1985). We granted the Commonwealth's application for further appellate review.

The indictment for assault while armed with a dangerous weapon with intent to murder stems from the robbery of a shop on Newbury Street in Boston. After the robbery, the defendant was spotted entering a car by two police officers in an unmarked cruiser. The police followed the car until it pulled over to a curb and the defendant got out, armed with a gun. A chase ensued, during which the defendant allegedly stopped, turned, and fired his gun in the direction of James Bickerton, a police officer, who was in pursuit.

In his motion for a new trial, the defendant contends that the trial judge's instructions to the jury on the crime of assault while armed with a dangerous weapon with intent to murder[2]

---

[1] The defendant received concurrent sentences for the armed robbery, kidnapping, and carrying offenses. The lengthiest of these sentences was for the armed robbery conviction: a term of from fifteen to twenty years. The defendant was sentenced on the assault conviction to a term of from fifteen to twenty years, to be served from and after the sentence for armed robbery.

[2] The instruction as to this indictment was as follows: "Now, the next indictment against George Burkett is that he is charged with assault with intent to murder, Chapter 265, Section 18. In order for the Commonwealth to prove the defendant Burkett guilty of that particular charge they must prove that he did assault with a dangerous weapon one James Bickerton with intent to murder him.

"You will recall that James Bickerton was the police officer who testified — again, you will evaluate all testimony — who testified about the case around the Back Bay area and testified about the firing of shots and so on and so forth. This relates to incidents alleged to have taken place between George Burkett and that police officer, James Bickerton.

created a conclusive presumption of intent from the fact that the defendant had fired his gun. The Appeals Court agreed, concluding that the judge's instruction deprived the defendant of due process of law by relieving the Commonwealth of its burden of proof on the issue of specific intent. *Sandstrom* v. *Montana,* 442 U.S. 510 (1979). We agree with the conclusions of the Appeals Court, and thus reverse the order of the trial judge denying the defendant's motion for a new trial on this indictment. Because we accept the analysis of the Appeals Court in its memorandum of decision, we comment only briefly for the purpose of emphasis.

First, we note that the defendant failed to object to the instruction either at trial or on direct appeal. Normally, we will not review issues raised by a petition for postconviction relief, where such issues could have been raised during the original proceedings. *LeBlanc* v. *Commonwealth,* 363 Mass. 171, 173-174 (1973). However, this rule does not bar the defendant from raising claims whose constitutional significance was not established until after his trial and appeal. See *Commonwealth* v. *Rembiszewski,* 391 Mass. 123, 126 (1984); *Common-*

---

"Of course, you must find, first, that George Burkett was in possession of a dangerous weapon, to wit, a pistol, a handgun, and you must find that he raised that handgun in the direction of Mr. Bickerton, which would be a form of an assault. As far as the intent is concerned — that is, the intent to murder — if you find that the handgun was loaded at the time and that if the gun had been fired more accurately in the direction of James Bickerton that death would have resulted or serious bodily harm, that would be evidence of assault with intent to murder.

"In other words, if death had resulted, if you find that Burkett fired one or more shots in the direction of James Bickerton and if death had resulted to Bickerton from the firing of those shots, then the defendant would have been guilty of murder.

"I am not going to give you a lengthy definition of murder, but murder is defined as an unlawful homicide without justification or excuse or without mitigating circumstances to reduce it to the crime of manslaughter. To repeat again, under this indictment you must find that Burkett was armed with a dangerous weapon, a handgun; that he did point it in the direction of James Bickerton; that he did fire it; and as far as the intent to murder is concerned, if you find that if the bullet had struck Bickerton and had killed him, then he could have been charged with murder. That is in regard to Mr. Burkett."

*wealth* v. *Garcia,* 379 Mass. 422, 439-440 (1980). Constitutionally based challenges to presumptions of intent in jury instructions were not generally available to defendants prior to 1979, when the United States Supreme Court decided *Sandstrom* v. *Montana, supra* at 517, 524 (judge's instruction that homicide defendant was presumed to have intended the "ordinary consequences of his voluntary acts" deprived defendant of due process). See *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 248-251 (1980). Because the defendant's trial and direct appeal both occurred prior to the *Sandstrom* decision, he did not have a "genuine opportunity" to raise his constitutional claim on those occasions. *DeJoinville, supra* at 251. The defendant is thus entitled to raise this issue for the first time in a motion for new trial under Mass. R. Crim. P. 30.

We now turn to the substance of the defendant's claim. Both parties concede, as they must, that in order to convict the defendant under G. L. c. 265, § 18, the Commonwealth must prove, beyond a reasonable doubt, that the defendant had the specific intent to murder the victim in assaulting him. See *Commonwealth* v. *Lopez,* 383 Mass. 497, 500 (1981); *Salemme* v. *Commonwealth,* 370 Mass. 421, 424 (1976). Cf. *Commonwealth* v. *West,* 357 Mass. 245, 249-250 (1970), overruled on other grounds, 392 Mass. 470 (1984). We recently had occasion to clarify the nature of this intent requirement in the case of *Commonwealth* v. *Henson,* 394 Mass. 584 (1985), where we held that the element of intent to murder requires proof of both malice and specific intent to kill. *Id.* at 591. See *Commonwealth* v. *Ennis,* 20 Mass. App. Ct. 263 (1985).

The question before us is whether the trial judge impermissibly relieved the Commonwealth of its burden of proof by allowing the jury to presume this intent to murder from the fact that the defendant had fired his gun. See *Commonwealth* v. *Zezima,* 387 Mass. 748, 754-755 (1982) (*Sandstrom* error where judge allowed jury to presume that defendant intended the natural consequences of his use of a deadly weapon); *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 252-254 (1980) (*Sandstrom* error where judge instructed jury that defendant is presumed to have intended natural consequences of voluntary

act). Whether the trial judge's instruction raised an unconstitutional presumption of intent depends upon what a reasonable juror could have interpreted the instruction to mean. *Sandstrom, supra* at 514. *Commonwealth* v. *Moreira,* 385 Mass. 792, 796 (1982).

We agree that the trial judge's instructions in this case created an unconstitutional presumption of intent.[3] Although the judge did not use the word "presume," *Zezima, supra* at 754, or instruct the jury that a defendant intends the "natural or probable consequences of his voluntary acts," *DeJoinville, supra* at 247, he did allow the jury to find intent to murder based solely upon proof that the defendant fired in the direction of the police officer. The judge instructed the jury that "under this indictment you must find . . . that if the bullet had struck [the police officer] and had killed him, then he could have been charged with murder." This attempt to define intent to murder by reference to what crime the defendant would have been guilty of, had the bullet struck and killed the police officer, had the effect of informing the jury that they could presume intent from the fact that the gunshot, more accurately fired, might have killed the victim. A reasonable juror, conscientiously attempting to follow the judge's instructions, could have interpreted the charge to create a conclusive presumption of intent upon proof that the defendant had fired his gun. *Sandstrom, supra* at 515 (necessary inquiry is whether reasonable juror could have viewed such a presumption as mandatory).

This impermissible instruction did not constitute harmless error in the circumstances of this case. Cf. *Commonwealth* v. *Lee,* 383 Mass. 507, 513 (1981) (*Sandstrom* error harmless where identity, not intent, was disputed issue at trial); *Commonwealth* v. *Garcia,* 379 Mass. 422, 441-442 (1980) (constitutional error harmless where overwhelming evidence of guilt). The police officer testified that the defendant, during the chase and from a considerable distance, turned and fired a single shot in

---

[3] Of necessity, we must state that the judge was in "error," and that the charge was "impermissible," even though the controlling principles, as mandated by the Supreme Court in *Sandstrom,* were not available to the judge at the time of trial.

his "direction." The officer was not wounded, nor were any shells subsequently recovered by investigators in the vicinity. The officer further testified that the defendant stopped two more times during the chase, aimed the weapon in the direction of his pursuer, yet did not fire the gun. Taken as a whole, this evidence is susceptible to the inference that the defendant fired his gun in an attempt to scare off the police officer, and not in an attempt to murder him. See *Commonwealth* v. *Parenti,* 14 Mass. App. Ct. 696, 698 n.1 (1982) (reversing conviction for assault with intent to kill). The judge's burden-shifting instruction on intent to murder was not harmless beyond a reasonable doubt. Consequently, the defendant must have a new trial on the indictment charging assault while armed with a dangerous weapon with intent to murder, and the judge's order denying the motion for a new trial on that indictment must be reversed.

*So ordered.*