**Randall BRIGHT, Petitioner-Appellee,**

v.

**Doug WILLIAMS, Warden, Respondent-Appellant.**

No. 86–8600.

United States Court of Appeals, Eleventh Circuit.

June 2, 1987.

Paula K. Smith, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

Thomas J. Killeen, UGA School of Law, Prisoner Legal Counsel Project, Athens, Ga., for petitioner-appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

## I.   PROCEDURAL HISTORY

This is a habeas corpus case wherein the district court adopted a magistrate's recommendation and granted the writ. The state appealed.

## II.  THE FACTS

Bright was found guilty of malice murder by a Cobb County Georgia jury for killing his wife.  He received a life sentence.  The Brights had a history of marital problems.  The defense was that the gun had accidentally fired in the course of a struggle.  The victim was shot in the back.  Bright transported his wife to the hospital and was arrested there.

On direct appeal to the Georgia Supreme Court, Bright assigned as ground for error his claim that the jury instruction on intent shifted the burden of proof under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).[1]  The Georgia Supreme Court found that the charge did not create a mandatory presumption. *Bright v. State,* 251 Ga. 440, 442–43, 306 S.E.2d 293 (1983).  The Georgia Supreme Court affirmed the conviction and sentence.

Bright did not seek state habeas corpus relief.  Instead, through counsel, he filed a petition for habeas corpus in federal court.  In this petition, Bright's claim was that the portion of the charge that was *Franklin* language,[2] *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) violated the principles of *Sandstrom v. Montana, supra.*  The state moved to have the petition dismissed on the ground that the challenge to the *Franklin* language was unexhausted as the petitioner did not challenge the jury charge under that legal theory on direct appeal.

The magistrate's report and recommendation found that the intent charge in Bright's case was virtually identical to the charge invalidated in *Francis v. Franklin, supra,*[3] that the claim had been exhausted in the state court, and found that the erro-

neous charge was not harmless error under the facts of this case.  The district court adopted the magistrate's conclusion and granted the writ.  This appeal followed.

## III.  ISSUES

A) Whether the district court correctly found that the *Franklin* challenge was exhausted, thereby providing a ground for relief, where the petitioner labeled his attack on the jury instruction on direct appeal as one for *Sandstrom* rather than *Franklin* relief and where the petitioner has not challenged the charge in a state collateral proceeding?

B) Whether the court was correct in finding that the trial court's instructions on intent were not harmless error?

## IV.  DISCUSSION

### 1.  *Appellant*

(A) Williams, the appellant, claims that the court below erred in finding that appellee's challenge to the *Franklin* language of the trial court's charge was exhausted.  On appellee's direct appeal, appellee had contended primarily that the trial court's instructions on the use of a deadly weapon as part of the instruction on the lesser offense of involuntary manslaughter impermissibly shifted the burden of proof on intent to appellee.  He claims that appellee never contended that the trial court's instructions that "the acts of a person of sound mind and discretion are presumed to be the product of a person's will but that the presumption may be rebutted," or "that a person of sound mind or discretion is presumed to intend the natural consequences of his acts, but that presumption may be rebutted," were erroneously bur-

---

1.  This part of the court's charge follows:

    If a person uses a deadly weapon or instrument in the manner in which such weapon or instrument is ordinarily employed to produce death and thereby causes the death of a human being, the law presumes the intent to kill.  This presumption may be rebutted.

2.  This part of the charge follows:

    I charge you that the actions of a person of sound mind and discretion are presumed to be the products of a person's will, that a person of sound mind and discretion is pre-

sumed to intend the natural and probable consequences of his acts, but that these presumptions may be rebutted.

3.  The charges in *Franklin* were:

    ... the acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted.  A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.

den shifting. The state appellate court, when faced with the claim that the deadly weapon charge impermissibly shifted the burden of proof, reviewed the challenged portion in the context of the overall charge, as required under applicable federal legal principles, to determine the issue of whether or not the deadly weapon charge impermissibly shifted the burden of proof. Appellant submits that the district court erred in concluding that the plenary review of the charge, was an adjudication of the validity of the *Franklin* language. Thus, appellant submits the district court erroneously concluded that this issue was exhausted and erroneously denied appellant's motion to dismiss on this basis.

(B) Appellant next argues that assuming *arguendo* this Court should conclude that this challenge to the intent instruction is exhausted, the district court erroneously concluded that the charge was not harmless error under the facts of this case. A review of the record as a whole, as mandated by *Rose v. Clark*, 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), shows that appellee was represented by counsel and was permitted to present evidence and argument before an impartial judge and jury in support of an alleged accident defense. Appellee conceded committing the physical act, but claimed that the weapon discharged accidentally. Appellant contends that this mere denial that he lacked the requisite intent does not dispose of the harmless error issue. Appellant submits that a review of the forensic evidence in this case, specifically the pressed contact wound to the victim's shoulder and the lack of gunpowder or other residue on the sheet upon which the victim was killed, belies appellee's version of events and renders his defense frivolous. Accordingly, appellant submits that the court below erroneously concluded that any error in the intent instructions was not harmless under the facts of this case.

### 2. *Appellee's Argument*

(A) Appellee contends that the district court correctly held that the claim present-

ed in this case had been ruled on by the Georgia Supreme Court and was "exhausted" within the meaning of 28 U.S.C. § 2254. The "error" enumerated in the Georgia Supreme Court was that the jury charge on intent relieved the state of its burden of proving intent.[4] The charge which was primarily relied on related to the use of a deadly weapon where death ensues. In reviewing claims of this nature, an appellate court is required to consider the charge as, a whole. *Cupp v. Naughton*, 414 U.S. 141, 136–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The Georgia Supreme Court considered the charge on intent and presumptions as a whole, including the *Franklin* language. The *Franklin* language is quoted in the Georgia Supreme Court opinion.

In this habeas case the same error is articulated. The charge on intent shifted the burden, creating a mandatory presumption of intent and an affirmative burden to come forward and produce evidence on lack of intent. In this case, the petitioner/appellee relies on the "deadly weapon" charge and the *Franklin* language, arguing that both create mandatory presumptions of intent.

(B) The district court held that the improper jury charges under *Franklin* did not constitute harmless error. Although the Supreme Court had not yet decided *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), at the time of the trial court judgment, this Court had already decided that an erroneous charge such as that contained here would not necessarily require reversal of the conviction, but was subject to the harmless error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

### V.  DECISION

(A) *Exhaustion*

■  Both the direct appeal and the federal habeas case present the same claim for

---

**4.** The enumerated error was:

    The lower court's instruction on intent violated the appellant's fourteenth amendment

right to due process by relieving the state of its burden of proving every element of the crime.

relief on the same legal theories. Petitioner/appellee has expanded the role of the *Franklin* language from a secondary consideration to a primary consideration in support of the same theory of relief. As stated by the district court:

> The language of the two instructions is similar. Both portions of the charge concern the same constitutional prohibition, shifting the burden of proof on intent to the defendant. Once the petitioner places the legal theory and supporting facts before the state court, he is not precluded from raising additional facts before the state court, he is not precluded from raising additional facts in support of his claim in a federal habeas petition. *See, e.g., Patterson v. Cuyler,* 729 F.2d 925 (3rd Cir.1984); *Miller v. Estelle,* 677 F.2d 1080 (5th Cir.1982). Moreover, the Georgia Supreme Court reviewed the intent instructions as a whole in upholding the charge. Thus, the court concludes that the state court had a fair opportunity to consider the merits of petitioner's claim.

The district court correctly held that this claim was exhausted.

#### (B) *Harmless Error*

In *Lakes v. Ford,* 779 F.2d 1578 (11th Cir.1986), this Court held that a *Franklin*-type charge was unconstitutional but that "nevertheless, this did not necessarily require a new trial," thus anticipating the decision by the Supreme Court in *Rose, supra.* Rose remanded to the Court of Appeals for it to determine whether the error was harmless. In *Lakes,* we determined that: "We cannot find 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,' *Chapman v. California,* 686 U.S. 18, 24, 87 S.Ct. 824, 828 [17 L.Ed.2d 705] (1967)."

■ Moreover, as indicated in the Court's opinion in *Rose,* by citing a dissenting opinion by Justice Powell in *Connecticut v. Johnson,* 460 U.S. 73 at 97, n. 5, 103 S.Ct. 969 at 983, n. 5, 74 L.Ed.2d 823 (1983): "The inquiry is whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that *the jury would have found it unnecessary to rely on the presumption.*" (Emphasis added.) Here, significantly, the jury returned and asked the court for a second charge with respect to intent, and the court again gave the illegal charge. Under such circumstances, we are unable to say that this erroneous charge was harmless beyond a reasonable doubt.

The judgment is AFFIRMED.