### COMMONWEALTH *vs.* WILLIAM S. SIRES, JR.

Berkshire. May 2, 1989. — August 17, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Homicide. Due Process of Law,* Presumption. *Malice. Practice, Criminal,* New trial, Instructions to jury, Presumptions and burden of proof.

A judge's instructions to the jury at the 1974 trial of a first degree murder case, which impermissibly shifted the burden of proof to the defendant on the issue of criminal intent, required a new trial, where the error could not be considered harmless beyond a reasonable doubt. [599-601]

INDICTMENT found and returned in the Superior Court on October 4, 1973.

A motion for a new trial, filed on September 17, 1987, was heard by *Raymond R. Cross,* J.

*Thomas T. Merrigan* for the defendant.

*Joel S. Fishman,* Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. Convicted of murder in the first degree, see *Commonwealth* v. *Sires,* 370 Mass. 541 (1976), the defendant appeals from the denial of his motion for a new trial pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). On appeal, the defendant alleges various deficiencies in the judge's instructions to the jury. We focus on that aspect of the charge which the judge conceded to be now constitutionally deficient. We conclude that the judge's charge shifted the burden of proof to the defendant, contrary to the principles of *Sandstrom* v. *Montana,* 442 U.S. 510 (1979) and *Francis* v. *Franklin,* 471 U.S. 307 (1985), and that the error was not harmless beyond a reasonable doubt.[1] Accordingly, a new trial is required.

---

[1] Although the judge made no specific ruling on the issue of harmless error, he concluded that other language in the charge "outweighed the damage (if any there be) done by the offending phrase." For the reasons stated, we disagree.

We supplement the facts as described in *Commonwealth* v. *Sires*, *supra* at 542-543, with additional evidence pertinent to the question of the defendant's intent. The defendant disputed the issue of criminal intent at trial. The defendant testified that he was so intoxicated at the time he entered his mother's room that he did not know whether the gun was loaded. The defendant testified that while he was about to hand the gun to his mother, who was lying on her bed, she asked him to pull the trigger. According to the defendant, he fired the gun, intending to miss her. A bullet struck his mother, who began rolling on the bed and she asked him to fire again. When asked on cross-examination as to why he shot her the second time, the defendant stated: "Because she asked me." The defendant fired a third shot. The reason for this shot was that, "if she wanted me to shoot her, then she must have wanted to be dead, and I didn't want her to live and be crippled or anything."

The judge, when charging the jury on general intent, made the following statement: "Everybody is presumed to intend what they did in fact do, and the intent, when we do things many times, is present unconsciously." The judge, in his charge on malice aforethought, stated that "where the fact of killing is shown and there are no circumstances disclosed tending to show justification or excuse, *then there is nothing to rebut the natural presumption of malice*. This is the legal definition of malice." (Emphasis supplied.)

The jury submitted a question to the judge fifteen minutes after they began their deliberations, which read: "Could we have a copy of your charge which includes definitions of terms? We are particularly interested in the difference between malice, premeditated, etcetera." The judge did not give the jury a copy of the charge, but he reinstructed the jury on malice aforethought and premeditation. The judge repeated verbatim his statement regarding "the natural presumption of malice." Almost five hours later, the jury returned with another question: "We would like to hear again how the law differentiates between first and second degree murder. Further, we would like to hear again how the law views intoxication with regard to murder." The judge complied with the jury's request, again

repeating word-for-word his instruction concerning "the natural presumption of malice."

"[I]t is constitutionally impermissible to shift to a defendant the burden of disproving an element of a crime charged." *Commonwealth* v. *Moreira*, 385 Mass. 792, 794 (1982). *Francis* v. *Franklin*, 471 U.S. 307 (1985); *Sandstrom* v. *Montana*, 442 U.S. 510 (1979).[2] There is no question that when viewing the judge's statements concerning the presumption in isolation "a reasonable juror could have understood the . . . sentences as a mandatory presumption that shifted to the defendant the burden of persuasion on the element of intent." *Francis* v. *Franklin, supra* at 316. See *Commonwealth* v. *Repoza*, 400 Mass. 516 (1987); *Commonwealth* v. *Moreira*, 385 Mass. 792, 794 (1982); *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 252 (1980).

The Commonwealth concedes that the judge's statements were not correct, but argues that in the context of the charge as a whole, "a reasonable juror could not have considered the charge to have created an unconstitutional presumption." *Francis* v. *Franklin, supra* at 315. We reject the Commonwealth's contention. Although the judge included in his charge instructions on malice which arguably did not shift the burden of proof to the defendant, these statements did not explain the "impermissible instructions sufficiently to ensure that a juror did not misunderstand the instructions or could not view them as burden-shifting." *Commmonwealth* v. *Repoza, supra* at 521. Contrast *Commonwealth* v. *Adrey*, 397 Mass. 751, 755 (1986). "Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity. A reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching

---

[2] The defendant did not object to the burden-shifting language at his trial. However, "[b]ecause the defendant's trial and direct appeal both occurred prior to the *Sandstrom* decision, he did not have a 'genuine opportunity' to raise his constitutional claim on those occasions. [*DeJoinville* v. *Commonwealth*, 381 Mass. 246, 251 (1980).] The defendant is thus entitled to raise this issue for the first time in a motion for new trial under Mass. R. Crim. P. 30." *Commonwealth* v. *Burkett*, 396 Mass. 509, 512 (1986).

their verdict" (footnote omitted). *Francis* v. *Franklin, supra* at 322.

We do not consider the *Sandstrom* error to have been harmless beyond a reasonable doubt. See *Rose* v. *Clark*, 478 U.S. 570 (1986). See also *Carella* v. *California*,      U.S.      , (1989) (109 S. Ct. 2419, 2421 [1989]); *Pope* v. *Illinois*, 481 U.S. 497, 503 (1987). Here, not only was the defendant's intent at issue, but also the jury were clearly struggling with the question of intent, returning twice to question the judge, and twice more hearing one of the two erroneous intent instructions. See *Bright* v. *Williams*, 817 F.2d 1562, 1565 (11th Cir. 1987). The fact that the jury returned a verdict of murder in the first degree as opposed to murder in the second degree does not render the errors harmless, because "[t]hat verdict . . . may have been based on the mandatory aspect of the malice instructions." *Commonwealth* v. *Stillwell*, 387 Mass. 730, 733 (1982). While the evidence of criminal intent was strong, we cannot say beyond a reasonable doubt that the jury would have reached the same conclusion had it not been faced with the erroneous charge. See *Commonwealth* v. *Boucher*, 403 Mass. 659, 662-663 (1989).

We therefore reverse the order denying the defendant's motion and remand the matter to the Superior Court for a new trial.

*So ordered.*