COMMONWEALTH *vs.* JOSE SIME. No. 92-P-1030. December 1, 1993. *Homicide. Malice. Practice, Criminal*, Argument by prosecutor, Assistance of counsel.

The defendant appeals his conviction of second degree murder in the death of Carlos Raposo, raising on appeal several issues, all in our view without merit.

1. *Motion for a required finding of not guilty.* The defendant's motion was properly denied because the jury, on the evidence before them, could properly find that the defendant, by going out of his way to provoke the confrontation, and his companion Cruz, by striking the first blow, initiated the melee during which the defendant deliberately left the safe haven of Arruda's car, knife in hand, and plunged it directly into the chest of the unarmed Raposo. On these facts the jury could infer beyond a reasonable doubt that the defendant was guilty of intentional homicide committed with malice, not in self-defense. Compare *Commonwealth* v. *Kendrick*, 351 Mass. 203, 212 (1966); *Commonwealth* v. *Naylor*, 407 Mass. 333, 334-335 (1990); *Koonce* v. *Commonwealth*, 412 Mass. 71, 72-75 & n.4 (1992).

2. *Prosecutor's closing argument.* The evidence fully supported the inference suggested by the prosecutor that the defendant and Pablon went to the bus station after the first skirmish with the defendant and his companions and enlisted Cruz's assistance for the second skirmish because Cruz was "a bigger guy." Nothing in the suggestion contradicted Cruz's testimony that he came to Fall River that day in order to go to the bank. As

matter of fair inference from the evidence, the argument was proper. See *Commonwealth* v. *Grimshaw*, 412 Mass. 505, 510 (1992).

3. *Jury instructions.* The principal focus of the defendant's complaint concerning the judge's instructions to the jury — raised, we should mention, not to the trial judge but rather for the first time in this court — is the portion of the instructions concerning malice aforethought. The judge departed in form from the traditional three-prong definition of that term in his initial instruction, wherein he combined as one the two specific-intent prongs: (1) an intention to kill or (2) an intention to inflict grievous bodily harm. The substance of the traditional definition was not affected. Later, in response to a request from the jury that he explain the element of malice aforethought again, the judge followed the traditional three-prong breakdown. Applying the rule that the charge must be reviewed in its entirety, *Commonwealth* v. *Mejia*, 407 Mass. 493, 495 (1990); *Commonwealth* v. *Shelley*, 411 Mass. 692, 695 (1992), we discern no error, much less a substantial risk of a miscarriage of justice. The judge adequately stressed the Commonwealth's burden to prove every element beyond a reasonable doubt, although he may not always have repeated it in his discussion of the elements in turn; applying the *Mejia-Shelley* standard, we are satisfied that the jury were made to understand the Commonwealth's burden. The suggestion that the judge created an unconstitutional presumption by omitting the word "intentionally" before "uses a deadly weapon" ignores the judge's unexceptionable explanation, in the very next sentence, instructing the jury that they might, but were not required, to draw an inference of malice from such use.

4. *Ineffective assistance of counsel.* The defendant's complaint here is based on three alleged omissions by trial counsel, two of which are failures to object to the prosecutor's closing argument and to the judge's instructions concerning the matters discussed above. As neither objection would have had merit, counsel's performance cannot be regarded as deficient. See *Commonwealth* v. *Sylvester*, 400 Mass. 334, 341 (1987). The third concerns an alleged failure by the defendant's trial counsel to impeach the witness Mogera with evidence of her bias against the defendant. This ignores the fact that counsel did elicit evidence of Mogera's ill will towards the defendant; she admitted as much on cross-examination. It was a matter of tactical choice whether to press the point further by getting into the defendant's history with regard to Mogera's daughter (which involved complaints of assault) that was apparently the source of Mogera's bias.

*Judgment affirmed.*

*Robert J. Carnes* for the defendant.
*Robert L. Goodale*, Assistant District Attorney, for the Commonwealth.