Following a jury-waived trial, the defendant, Christine G. O'Neill, appeals after her conviction of operating a motor vehicle while under the influence (OUI) of intoxicating liquor, second offense, G. L. c. 90, § 24(1)(a )(1).[2] She contends there was insufficient evidence of impairment. We affirm.
Discussion. a. Sufficiency of the evidence. The only claim on appeal is whether there was sufficient evidence that the defendant "was impaired by the influence of intoxicating liquor,"-an element that the Commonwealth establishes with proof of diminished capacity to operate safely. Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016), quoting from Commonwealth v. Zeininger, 459 Mass. 775, 778, cert. denied, 132 S. Ct. 462 (2011). Taking the evidence of impairment, as we must, in the light most favorable to the prosecution, we are persuaded that "any rational trier of fact could have found th[is] essential[ ] element of the crime beyond a reasonable doubt." Commonwealth v. Penn, 472 Mass. 610, 618 (2015), cert. denied, 136 S. Ct. 1656 (2016), quoting from Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015).
Here, Milford police Officer Antonio Dinis opined that the defendant was intoxicated. He based this opinion upon several factors, including the nature of the accident (two-car accident in which defendant's car rear-ended parked vehicle and then continued off road onto grass of residence), the defendant's red and bloodshot eyes, the odor of alcohol emanating from the defendant's breath, her slurred speech, her unsteadiness on her feet (losing her balance while walking, including during a field sobriety test), her inability to follow simple instructions when performing the nine-step walk and turn field sobriety test, and her admission to having consumed alcohol. This evidence alone is sufficient to meet the Commonwealth's burden on impairment. See Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011).
However, the Commonwealth's evidence went further. Officer Dinis also testified that the defendant was acting belligerently, and the Commonwealth introduced videotape evidence that corroborated his testimony. In addition, the defendant's admission to drinking, and the evidence of the defendant's breath test results, which showed a blood alcohol level bordering on the statutory legal limit, see generally G. L. c. 90, § 24(1)(e ), tied the defendant's impairment specifically to alcohol. See Commonwealth v. Moreira, 385 Mass. 792, 795 (1982) ("A jury may infer that a defendant was under the influence of liquor if [she] scored a reading" over the legal limit); Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017) (physical symptoms and admission to consuming beers tied impairment to alcohol). In our view, this evidence and the reasonable inferences drawn from it sufficiently support the defendant's conviction. See Commonwealth v. Dostie, 425 Mass. 372, 375-376 (1997) (fact finder may draw reasonable inferences from the evidence). Accordingly, we discern no error.
Judgment affirmed.

The trial judge also found the defendant responsible for a marked lanes violation, G. L. c. 89, § 4A, and, after the Commonwealth rested, allowed the defendant's motion for a required finding of not guilty on a charge of operating while under the influence of drugs, G. L. c. 90, § 24(1)(a )(1).