**John R. BARNES, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 84SC424.**

Supreme Court of Colorado,
En Banc.

April 13, 1987.

Rehearing Denied May 11, 1987.

---

Michael L. Bieda, Englewood, for petitioner.

Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for respondent.

ROVIRA, Justice.

On January 19, 1983, petitioner John R. Barnes was convicted of driving under the influence (DUI), careless driving, and operating a vehicle without an· operator's license. Subsequently, his conviction was affirmed by the Denver Superior Court. We granted certiorari to determine whether the jury was correctly instructed as to the presumptions contained in Colorado's

DUI statute, section 42–4–1202, 17 C.R.S. (1973 & 1982 Supp.). We now reverse.

## I.

Petitioner was arrested and charged on July 21, 1982. At his trial in Denver County Court, the results of an intoxilyzer breath test performed by the arresting officer were admitted into evidence. The test showed the petitioner had a blood alcohol level of 0.172 percent shortly after his arrest. Before the case was submitted to the jury, petitioner objected to instructions concerning the presumption that he was under the influence of alcohol arising from proof of the intoxilyzer results. The trial court rejected his arguments, as did the Denver Superior Court on appeal. Petitioner now argues that the instruction concerning the statutory presumption was contrary to Colorado's DUI statute, that it violated his due process rights because it shifted the burden of persuasion to petitioner, and that it constituted an improper comment on his right to remain silent. We agree with petitioner's first argument, and therefore reverse.

## II.

Petitioner's initial argument concerns the scope of the presumption created by Colorado's DUI statute, which provides in pertinent part:

(2) In any prosecution for a [DUI] violation ..., the amount of alcohol in the defendant's blood or breath at the time of the commission of the alleged offense or within a reasonable time thereafter, as shown by chemical analysis of the defendant's blood or breath, shall give rise to the following presumptions:

. . . .

(c) If there was at such time 0.10 or more grams of alcohol per one hundred milliliters of blood as shown by chemical analysis of such person's blood or if there was at such time 0.10 or more grams of alcohol per two hundred ten liters of breath as shown by chemical analysis of such person's breath, *it shall be presumed* that the defendant was under the influence of alcohol.

(d) The limitations of this subsection (2) shall not be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor or whether or not his ability to operate a vehicle was impaired by the consumption of alcohol.

Section 42–4–1202, 17 C.R.S. (1973 & 1982 Supp.) (emphasis added).[1]

The trial court's charge to the jury, Instruction No. 17, substantially tracked the language of this statute. Instruction No. 18 went on to provide:

Rebuttable presumptions are guidelines based upon experience or public policy which are established in the law to assist the jury in their deliberations in the absence of other evidence. Rebuttable presumptions take the place of evidence unless rebutted by evidence to the contrary. Unless the presumption is rebutted by evidence to the contrary, *you must accept the presumption* as if it had been factually established by evidence. When other evidence raises a reasonable doubt as to the presumption, then the presumption disappears.

(Emphasis added).

Petitioner argues that Instruction 18 created a mandatory presumption in violation of section 42–4–1202, which, he contends, authorizes only a permissive inference that a defendant was under the influence of alcohol based on the results of a blood or breath test.[2] The prosecution, on

---

**1.** Although this statute has been amended since this case arose, the sections cited remain the same. *See* 42–4–1202, 17 C.R.S. (1984). This case does not involve Colorado's "per se" DUI statute, which forgoes the use of a presumption and makes it a crime to "drive any vehicle in this state when the amount of alcohol in such person's blood is 0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense, as shown by chemical analysis of such person's blood or breath." *See* section 42–4–1202(1.5)(a), 17 C.R.S. (1984).

**2.** Under Colorado law, a defendant is considered "under the influence of intoxicating li-

the other hand, responds that the statute—because it uses the word "shall"—creates a mandatory rebuttable presumption by its "plain meaning." We agree with the petitioner.

Initially, we find it difficult to accept the prosecution's argument that the phrase "shall be presumed" has a "plain meaning" that we can divine from the face of the statute. The term "presumption" is one of the most ambiguous terms in the legal lexicon. Over the years, the term has been used to describe a variety of evidentiary devices with different meaning and effects, fostering, in the process, a "welter of loose language and discordant decisions." *See, e.g., County Court of Ulster County v. Allen,* 442 U.S. 140, 156–59, 99 S.Ct. 2213, 2224–26, 60 L.Ed.2d 777 (1979); *State v. Dacey,* 138 Vt. 491, 418 A.2d 856 (1980). Recent attempts to clarify some of the confusion describe two major classifications of presumptions: mandatory and permissive. *Ulster County,* 442 U.S. at 157–58, 99 S.Ct. at 2224–26. As analyzed under these classifications, a mandatory presumption shifts to the party against whom it operates either the burden of producing evidence or the burden of persuasion, and if that party fails to satisfy this burden, the trier of fact must accept the presumed fact provided it finds the basic fact. On the other hand, a permissive presumption—more commonly described as a permissive inference—shifts no burden to the opposing party, but merely allows the trier of fact to find the inferred fact from the basic fact. *Ulster County,* 442 U.S. at 157–59, 99 S.Ct. at 2224–26. *See also State v. Dacey,* 138 Vt. 491, 418 A.2d 856 (1980).

In criminal cases, the use of presumptions raises serious concerns because these evidentiary devices potentially conflict with the basic principles that a defendant is presumed innocent and the prosecution must prove guilt beyond a reasonable doubt. *Ulster County,* 442 U.S. at 156, 99 S.Ct. at 2224; *Hendershott v. People,* 653 P.2d 385, 390–91 (Colo.1982), *cert. denied,* 459 U.S. 1225, 103 S.Ct. 1232, 75 L.Ed.2d 466 (1983). Permissive presumptions—because they leave the jury free to credit or reject the inference and do not shift the burden of proof—do not violate due process principles unless "under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." *Ulster County,* 442 U.S. at 157, 99 S.Ct. at 2224. A mandatory presumption, however, is a "far more troublesome evidentiary device." *Ulster County,* 442 U.S. at 157, 99 S.Ct. at 2224. Due process prohibits the prosecution from resting its case entirely on a mandatory presumption "unless the fact proved is sufficient to support the inference of guilt beyond a reasonable doubt." *Ulster County,* 442 U.S. at 167, 99 S.Ct. at 2229–30. Further, a mandatory presumption may not be constitutionally used against a criminal defendant if a reasonable jury could construe it as conclusive or shifting the burden of persuasion on an essential element of a crime. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

As a result, to avoid implicating these constitutional limitations, presumptions in criminal cases are ordinarily construed to raise only permissive inferences. *See, e.g., People v. Seven Thirty-Five East Colfax, Inc.,* 697 P.2d 348, 361–62 (Colo.1985); *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979); 1 C. Torcia, *Wharton's Criminal Evidence* § 32, at 124 (14th ed. 1985).[3] Indeed, even where statutory language appears to create a mandatory presumption in criminal cases, courts commonly read the statute as creating only a permissive inference. *See, e.g., United States v. Gainey,* 380 U.S. 63, 64, 85 S.Ct. 754, 756, 13

---

quor" if the degree of influence is "substantial so as to render the defendant incapable of safely operating a vehicle." *Thompson v. People,* 181 Colo. 194, 201–02, 510 P.2d 311, 314 (1973).

**3.** *See also Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974); Model Penal Code,

Art. I, § 1.12(5); Supreme Court Standard 303, *as quoted in* 1 J. Weinstein & M. Berger, *Weinstein's Evidence,* § 303, at 303–1 (1986); E. Cleary, *McCormick on Evidence,* § 346, at 988 (3d ed. 1984).

L.Ed.2d 658 (1965) (presumption was permissive inference although statute provided that basic fact "shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such [basic fact]...."); *People v. Seven Thirty-Five East Colfax, Inc.,* 697 P.2d 348, 361–62 (Colo.1985) (presumption was permissive although statute used the phrase "is presumed.").

■ In this vein, courts in other states reviewing presumptions contained in DUI statutes substantially similar to Colorado's have concluded that the language "shall be presumed" or its equivalent creates only a permissive inference that a defendant was under the influence of alcohol. *See, e.g., Commonwealth v. Moreira,* 385 Mass. 792, 434 N.E.2d 196 (1982) ("shall be a presumption"); *State v. Dacey,* 138 Vt. 491, 418 A.2d 856 (1980). *See also State v. Hansen,* 203 N.W.2d 216 (Iowa 1972) ("shall be admitted as presumptive evidence"); *State v. Bailey,* 184 Kan. 704, 339 P.2d 45 (1959); *State v. Cooke,* 270 N.C. 644, 155 S.E.2d 165 (1967); *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974).[4] In light of this background, we believe that section 42–4–1202 is properly construed to authorize only a permissive inference that a defendant was under the influence of alcohol.[5]

■ We are strengthened in that conclusion by noting that this construction fulfills what we perceive to be the central purposes of the legislature in enacting the statutory presumption. First, a permissive inference permits explicit guidance of juries, based on scientific criteria, in determining whether a particular defendant is under the influence of alcohol to a "substantial" degree "so as to render the de-

fendant incapable of safely operating a vehicle." *Thompson v. People,* 181 Colo. 194, 201–02, 510 P.2d 311, 314 (1973). Second, a permissive inference eliminates the prosecution's need for expert testimony in each case to demonstrate that a particular defendant's blood alcohol level shows he was under the influence of alcohol. *See, e.g., Commonwealth v. Moreira,* 385 Mass. 792, 434 N.E.2d 196 (1982); *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974). Further, in cases where the prosecution can demonstrate that a particular defendant's blood alcohol level exceeded the statutory level, the statutory inference generally permits the prosecution to avoid judgment of acquittal on that issue. *See, e.g., Commonwealth v. Moreira,* 385 Mass. 792, 434 N.E.2d 196 (1982); *State v. Cooke,* 270 N.C. 644, 155 S.E.2d 165 (1967).

### III.

Since we conclude that the statute authorizes only a permissive inference, we must examine whether the instructions given in this case comport with the statute. In our view, Instruction 18 created a mandatory presumption that petitioner was under the influence of alcohol. Instruction 18 told the jurors that they "must accept the presumption as if it had been factually established by the evidence" and that they could reject this presumption only if it was "rebutted by evidence to the contrary." The instruction used the terms "rebutted" or "rebuttable" four times. Although the instruction did not explicitly impose any burden on the petitioner, it is unlikely that the jury viewed "rebuttal" as a duty of the prosecution.

---

**4.** *But cf. State v. Childress,* 78 Ariz. 1, 274 P.2d 333 (1954); *State v. Daranda,* 388 So.2d 759 (La.1980); *State v. Myers,* 26 Ohio St.2d 190, 271 N.E.2d 245 (1971).

**5.** We find unpersuasive the prosecution's argument that our holding in *People v. Duemig,* 620 P.2d 240 (Colo.1980), is dispositive. In *Duemig,* we rejected a challenge to a jury instruction based on a similar presumption created by Colorado's vehicular homicide statute. That instruction told the jury that the presumption re-

mained "unless and until outweighed by evidence to the contrary." However, the defendant's grounds for objection in *Duemig* appear to have been somewhat different than the objections in this case. Further, at oral argument in this case, the prosecution conceded that "an instruction couched in the language of *Duemig* ... would not pass muster" in light of the Supreme Court's subsequent decision in *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

■ The prosecution correctly notes, however, that we cannot judge the petitioner's claim by examining Instruction 18 standing in isolation. *See, e.g., McCune v. People,* 179 Colo. 262, 265, 499 P.2d 1184, 1185 (1972). In this vein, it points to the curative effects of Instruction 2, which informed the jury that all of the instructions were to be read together; Instruction 4, concerning the petitioner's presumption of innocence; Instruction 5, concerning the burden of proof borne by the prosecution; Instruction 13, concerning doubts raised by the petitioner as to the cause of his physical condition; and Instruction 17, concerning the duty to consider the presumption along with other evidence.

■ We are not persuaded, however, that these instructions adequately cured the error contained in Instruction 18. While the instructions must be viewed as a whole, we have noted that where "two instructions are in direct conflict ... and one of the instructions is an incorrect and clearly prejudicial statement of law, the fact that the other instruction contains a correct statement of law cannot cure the error." *People v. Riley,* 708 P.2d 1359, 1365–66 (Colo.1985). In this case, we do not believe the contradictory statements in other instructions cured the mandatory presumption created by Instruction 18.[6]

The judgment is reversed and the case is remanded to the district court with instructions to return the case to the county court for a new trial.

---

6. Because we find that Instruction 18 violated the statute, we do not address petitioner's arguments that the instruction unconstitutionally shifted the burden of persuasion and amounted to an improper comment on his right to remain silent. However, if these issues should arise again, we repeat today what we said in *Wells v. People,* 197 Colo. 350, 355, 592 P.2d 1321, 1325 n. 2 (1979), in the context of another presumption used in criminal cases that the "better procedure" to avoid confusion of the jury is for the trial court to instruct on the state's burden of proof and the defendant's right to remain silent in the same instruction in which it explains the operation of the presumption.