Jerry W. JOLLY, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 85SC265.

Supreme Court of Colorado, En Banc.

Sept. 8, 1987.

Rehearing Denied Oct. 5, 1987.

---

P. Arthur Tague, Tague & Beem, P.C., Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David R. Little, Asst. Atty. Gen., Denver, for respondent.

QUINN, Chief Justice.

Jerry W. Jolly (defendant) was convicted by a county court jury of driving while license revoked in violation of section 42–2–130, 17 C.R.S. (1984), and his conviction was affirmed by the District Court of Jefferson County. In affirming the conviction, the district court held that the county court properly instructed the jury that, with respect to the prosecution's burden to prove the defendant had notice or knowledge of his license revocation, "[i]t shall be sufficient to prove that notice was mailed with sufficient postage by registered mail addressed to the last known address of the defendant as shown by the records" of the Department of Revenue (department). Although the court's instruction was substantially based on the language of section 42–2–130(2), 17 C.R.S. (1984), we construe the statute as authorizing only a permissive inference that the defendant had knowledge of the fact of revocation. In light of this construction, we conclude that the county court's instruction on proof of notice had the effect of creating an imper-

missible presumption of this element of the offense in violation of due process of law. U.S. Const. amend. XIV; Colo. Const. art. II, § 25. We accordingly reverse the judgment and remand the case to the district court with directions to return the case to the county court for a new trial.

## I.

The defendant was arrested on September 30, 1983, and charged in the County Court of Jefferson County with driving under the influence of intoxicating liquor in violation of section 42-4-1202, 17 C.R.S. (1984), and driving while license revoked in violation of section 42-2-130, 17 C.R.S. (1984). He entered a not guilty plea to the charges, and the case was tried to a jury commencing on April 11, 1984. The jury found the defendant not guilty of driving under the influence and not guilty of the lesser offense of driving while impaired, but returned a guilty verdict to the misdemeanor of driving while license revoked.

The evidence in regard to the offense of driving while license revoked was as follows. In May 1982 the department, in accordance with the statutory scheme then in effect, sent a notice to the defendant's last known address, by certified mail, return receipt requested, informing the defendant of his right to a revocation hearing scheduled for June 11, 1982. The revocation hearing was based on the fact that the defendant had previously refused a police officer's request for chemical testing to determine the alcohol content of his blood. § 42-4-1202(3)(d), 17 C.R.S. (1984).[1] The notice of the revocation hearing was returned to the department marked "unclaimed." The defendant failed to appear for the scheduled hearing, and on June 11, 1982, the department entered an order revoking the defendant's license for a one-year period. Notice of the revocation was sent to the defendant's last known address, by certified mail, return receipt requested, but this notice was also returned to the

department marked "unclaimed." The order of revocation was still in effect on September 30, 1983, the date of the offense in question, because the defendant had failed to pay the statutory fee for restoration of his driving privilege in accordance with section 42-2-124(3), 17 C.R.S. (1984), and had failed to submit proof of financial responsibility as required by section 42-7-406(1), 17 C.R.S. (1984). *See People v. Lessar*, 629 P.2d 577 (Colo.1981).

The defendant testified at trial that the address to which the notices had been sent was the correct address, but that he had been out of the state from May through August during 1982. Through a neighbor who forwarded his mail to him, the defendant received notices that certified letters had arrived at the post office. Upon the defendant's return to his home in August, he attempted to collect the certified mail but was informed that it had been returned to the sender.

At the conclusion of the prosecution's case and at the close of the evidence, the defendant moved for a judgment of acquittal on the ground that the prosecution had failed to prove an essential element of the offense of driving while license revoked— that is, that the defendant had knowledge or notice of the order of revocation. The court denied the motion. In submitting the case to the jury, the court instructed the jury that an essential element of the offense of driving while license revoked was that the defendant drove a motor vehicle upon a highway "with notice that his driver's license is revoked." Over the defendant's objection, the court also gave the following instruction (Instruction 10) on proof of notice, which was substantially based on section 42-2-130(2), 17 C.R.S. (1984), and read as follows:

> In any prosecution for a violation of driving while license is revoked the fact of revocation may be established by a return receipt of a registered notice

---

1. Section 42-4-1202(3)(d) provides for the revocation of driving privileges of a licensee who refuses without medical justification to submit to a chemical sobriety test in instances where an arresting officer had reasonable grounds to be-

lieve that person was under the influence of or impaired by alcohol. According to briefs submitted by the parties, the revocation of Jolly's license was based on his refusal to submit to chemical testing.

thereof mailed to the last known address of the defendant and a copy of the notice so mailed by registered mail to the last known address of the defendant, or by delivery of such notice to the last known address of the defendant, or by personal service of such notice upon the defendant. *It shall be sufficient to prove that notice was mailed with sufficient postage by registered mail addressed to the last known address of the defendant as shown by the records of the department.*

(emphasis added).

After the jury returned a guilty verdict to the charge of driving while license revoked, the defendant appealed his conviction to the District Court of Jefferson County, claiming that Instruction 10 constituted an impermissible presumption in violation of due process of law. The district court affirmed the judgment of conviction, and we thereafter granted the defendant's petition for certiorari.

Although the dispositive issue in this case is whether Instruction 10 constituted a conclusive or impermissible mandatory presumption on the knowledge element of the offense in violation of due process of law, there are preliminary matters that we must first address. We must initially determine whether knowledge of the fact of revocation is indeed an essential element of the offense of driving while license revoked. If it is, we must then consider whether section 42-2-130(2), 17 C.R.S. (1984), authorizes only a permissive inference as to this element of driving while license revoked or instead creates either a conclusive or a mandatory burden-shifting presumption of notice in violation of due process of law. After evaluating the evidentiary effect of section 42-2-130(2), we will then be in a position to address the constitutional validity of Instruction 10.

## II.

We initially consider whether knowledge of the fact of revocation is an essential element of the crime of driving while license revoked. Section 42-2-130, 17 C.R.S. (1984), provides, in pertinent part, as follows:

(1)(a) Any person who drives a motor vehicle upon any highway of this state at a time when his driver's ... license ... is revoked for any reason other than conviction of an alcohol-related driving offense pursuant to section 42-4-1202(1) or (1.5) is guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment in the county jail for not less than five days nor more than six months, and, in the discretion of the court, a fine of not less than fifty dollars nor more than five hundred dollars may be imposed....

(2) In any prosecution for a violation of this section, the fact of ... revocation of a license may be established by a return receipt of a registered notice thereof mailed to the last known address of the defendant and a copy of the notice so mailed by registered mail to the last known address of the defendant, or by the delivery of such notice to the last known address of the defendant, or by personal service of such notice upon the defendant. It is sufficient to prove that notice was mailed with sufficient postage by registered mail addressed to the last known address of the defendant as shown by the records of the department.

A cursory reading of this statute might suggest that the offense of driving while license revoked requires only proof of the act of driving a motor vehicle after the entry of an order of revocation, with the result that proof of the driver's knowledge of the fact of revocation is irrelevant. We reject such a construction as contrary to legislative intent as expressed in the overall statutory scheme.

There would be little purpose in the legislature's requiring the various forms of notice of revocation in subsection 42-2-130(2) if it did not intend that knowledge of the fact of revocation was to be an essential element of the crime. Various sections of the Uniform Motor Vehicle Act require the department to mail a notice, return receipt requested, to the last known address of a licensee, informing the licensee of a pending hearing that might adversely affect his

driving privilege and also informing him of any completed administrative action affecting his license. *E.g.,* § 42–2–117(2), 17 C.R.S. (1984) (requiring department to mail all notices of revocation to licensee by registered mail,[2] return receipt requested, to licensee's last known address as shown by the records of the department, and stating that such notice is prima facie proof of revocation); § 42–2–122(2), 17 C.R.S. (1984) (requiring departmental notice to licensee, as provided in section 42–2–117, of order revoking license pursuant to section 42–2–122); § 42–2–122.1(3), 17 C.R.S. (1984) (requiring departmental notice of revocation based on administrative determination of alcohol content of driver's blood, and notifying driver of right to request a hearing); § 42–2–123(12), 17 C.R.S. (1984) (requiring departmental notice of revocation or suspension based on accumulation of points for driving offenses).

In *People v. Lesh,* 668 P.2d 1362 (Colo. 1983), we held that section 42–2–206, 17 C.R.S. (1984), which proscribes as a felony the offense of driving after judgment prohibited,[3] requires knowledge of the fact of revocation as an essential element of the offense, even though the statute creating the crime of driving after judgment prohibited did not expressly mention this element. We based our construction of the statute on the fact that other provisions of the Uniform Motor Vehicle Act required the department to notify the licensee of a license revocation—namely, the general notice provisions of section 42–2–117(2), 17 C.R.S. (1984),[4] and the provisions of section 42–2–123(12), 17 C.R.S. (1984).[5] We subsequently reaffirmed *Lesh* in *Ault v. Department of Revenue,* 697 P.2d 24 (Colo.1985), where we stated that *Lesh*'s holding on the element of knowledge was applicable to all criminal cases in which notice of a license revocation, or other final agency action depriving a licensee of the driving privilege, is an essential element of the charge.[6] *See*

**2.** "Registered mail" includes "certified mail." § 2–4–401(12), 1B C.R.S. (1980).

**3.** Section 42–2–206, 17 C.R.S. (1984), provides in pertinent part:

> **Driving after revocation prohibited.** (1) It is unlawful for any person to operate any motor vehicle in this state while the revocation of the department prohibiting the operation remains in effect. Any person found to be an habitual offender, who is thereafter convicted of operating a motor vehicle in this state while the revocation of the department prohibiting such operation is in effect, is guilty of a class 5 felony.

**4.** Section 42–2–117(2), 17 C.R.S. (1984), states:

> All notices required to be given to any licensee or registered owner under the provisions of the motor vehicle laws shall be in writing; and, if mailed postpaid by registered mail, return receipt requested, to him at the last known address shown by the records in the motor vehicle division, such mailing shall be sufficient notice in accord with the motor vehicle laws. Evidence of a registered return receipt of a notice mailed to the last known address of the licensee, or evidence of a copy of the notice mailed to the last known address of the licensee, or evidence of delivery of notice in person to the last known address of the licensee, or evidence of personal service upon the licensee of the order of denial, cancellation, suspension, or revocation of the license by the executive director of the department, or by his duly authorized representative, is prima facie proof of said denial, cancellation, suspension, or revocation.

**5.** Section 42–2–123(12), 17 C.R.S. (1984), provides as follows:

> If the driver fails to appear at such hearing after proper notification as provided in subsections (7) and (8) of this section and a delay or continuance has not been requested and granted as provided in subsection (9) of this section, the department shall immediately suspend the license of such driver, but such suspension or revocation shall not be effective until twenty days after notification of such action has been mailed to such licensee by registered or certified mail, return receipt requested, at his last known address as shown by the records of the department. Proof of such mailing is sufficient notice under this section. The notification of suspension or revocation shall recite therein that the licensee may apply for a hearing at any time within twenty days after the date of mailing of the order of suspension or revocation, and the licensee shall be advised that, if a hearing is applied for, the effective date of the order will be extended until after the hearing is held. Such hearing shall be held within sixty days after application is made, and at said hearing it shall be determined whether the order of suspension or revocation shall be entered in the same manner as if the licensee had originally appeared after first notice.

**6.** Although *Ault* reaffirmed *Lesh*'s holding that knowledge of the fact of revocation is an essential element of the crime of driving after judgment prohibited, *Ault* also held that actual notice of an administrative hearing to revoke a license is nòt essential as a matter of due pro-

*also State v. Jennings,* 150 Ariz. 90, 722 P.2d 258 (1986) (knowledge of revocation is required element of crime of driving under influence with revoked license); *State v. Atwood,* 290 N.C. 266, 225 S.E.2d 543 (1976) (actual or constructive knowledge of suspension order is required element of driving under suspension). We are thus satisfied that our holding in *Lesh* on the knowledge element is fully applicable to the offense of driving while license revoked.

■ While knowledge is an essential element of the crime of driving while license revoked, we hasten to add that the prosecution is not required to prove this element by evidence in the form of a signed return receipt for the department's formal notification of the revocation. It is knowledge of the fact of revocation, not necessarily receipt of the department's notice of revocation, that constitutes the requisite culpable mental state for driving while license revoked. What is required, therefore, is direct or circumstantial evidence which, when viewed as a whole and in a light most favorable to the prosecution, is sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that the defendant had knowledge of the fact of revocation at the time of the driving offense in question. *E.g., People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

### III.

We next consider whether section 42–2–130(2), 17 C.R.S. (1984), which states that "[i]t is sufficient to prove that notice was mailed with sufficient postage by registered mail addressed to the last known address of the defendant as shown by the records of the department," authorizes only a permissive inference as to the licensee's knowledge of the fact of revocation, or instead creates a conclusive or impermissible mandatory presumption on this element of the offense in violation of due process of law. We conclude that the stat-

ute authorizes a permissive inference and thus comports with due process of law.

### A.

■ Due process of law protects an accused against conviction except upon proof beyond a reasonable doubt of every essential element of the criminal charge. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968). We recently recognized that the use of presumptions in criminal cases raises serious due process concerns precisely because these evidentiary devices can have the effect of relieving the prosecution of its constitutionally mandated burden of proof. *Barnes v. People,* 735 P.2d 869, 872 (Colo. 1987).

A permissive inference or presumption allows, but does not require, the trier of fact to infer the elemental fact of a crime from proof by the prosecution of the predicate fact on which the inference is based. *Ulster County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). Because a permissive inference or presumption does not relieve the state of the burden of persuasion on an essential element of a crime, it will pass constitutional muster as long as the inference is one that is justified by reason and common sense in light of the proven facts before the jury. *Francis,* 471 U.S. at 314–15, 105 S.Ct. at 1971–72; *Ulster County Court,* 442 U.S. at 157, 99 S.Ct. at 2225.

A mandatory presumption may be of two types—an irrebuttable or conclusive presumption or a mandatory rebuttable presumption. An irrebuttable or conclusive presumption relieves the prosecution of its burden of persuasion by removing the presumed element from the case entirely when the prosecution proves the predicate fact on which the presumption is based. *Fran-*

cess of law to the constitutional validity of the administrative order of revocation. Under *Ault,* due process of law is satisfied for purposes of a revocation hearing when the notice is reasonably calculated to apprise the licensee of the pending hearing and to afford him an opportunity to present his objections or defense. 697 P.2d at 27. Nothing in our opinion today is intended to abrogate our holding in *Ault* on the notice aspect of the administrative hearing.

*cis,* 471 U.S. at 317, 105 S.Ct. at 1972. A conclusive presumption is violative of due process because it can reasonably be interpreted by the factfinder as a mandate to find the presumed element of the crime upon proof of the predicate fact, and thus clashes directly with the presumption of innocence and the constitutional requirement of prosecutorial proof beyond a reasonable doubt. *Francis,* 471 U.S. at 316–17, 105 S.Ct. at 1972–73; *Sandstrom v. Montana,* 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979). A mandatory rebuttable presumption does not remove the presumed element from the case upon proof of the predicate fact, but nonetheless "relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." *Francis,* 471 U.S. at 317, 105 S.Ct. at 1972–73. Although less onerous from the defendant's perspective than a conclusive presumption, a mandatory rebuttable presumption will nonetheless violate due process of law if it shifts the burden of persuasion to the defendant on an essential element of the crime. *Id.; Barnes,* 735 P.2d at 872.

### B.

In light of the serious constitutional issues created by the use of presumptions in criminal cases, courts generally construe criminal statutes as raising permissive inferences only. *See, e.g., People v. Seven Thirty-Five East Colfax, Inc.,* 697 P.2d 348, 362 (Colo.1985); *People v. Lorio,* 190 Colo. 373, 375–77, 546 P.2d 1254, 1255–57 (1976). We followed this salutary rule in *Barnes,* 735 P.2d 869, and construed the statutory presumptions of intoxication applicable to the offense of drunk driving, § 42–4–1202(2), 17 C.R.S. (1984), as authorizing "only a permissive inference that the defendant was under the influence of alcohol." 735 P.2d at 873. Such construction comports with the basic principle that a statute susceptible of different interpretations, only one of which comports with constitutional requirements, should be construed in accordance with the constitutional

interpretation. *E.g., People v. Alexander,* 663 P.2d 1024 (Colo.1983); *People v. Smith,* 638 P.2d 1 (Colo.1981); *People v. Fitzgerald,* 194 Colo. 415, 573 P.2d 100 (1978); *People v. Hoehl,* 193 Colo. 557, 568 P.2d 484 (1977); *see also* § 2–4–201(1)(a), 1B C.R.S. (1980).

We are satisfied that the statutory provisions of section 42–2–130(2) relating to proof of notice authorize a jury to draw only a permissive inference that the defendant had knowledge of the fact of revocation. Our construction of section 42–2–130(2) finds support not only in the aforementioned rule of constitutional interpretation followed in *Barnes,* 735 P.2d 869, but also in the rule of construction adopted in *Lesh,* 668 P.2d 1362. In *Lesh,* a prosecution for driving after judgment prohibited, we held that evidence of the department's mailing of the revocation notice by registered mail to the defendant's last known address constituted prima facie proof of the defendant's knowledge of the revocation order—an essential element of the crime of driving after judgment prohibited—but such evidence did not give rise to a conclusive presumption of knowledge. The "prima facie proof" referred to in *Lesh* is functionally equivalent to a permissive inference, in that it permits but does not require the trier of fact to find that the knowledge element of the offense of driving while license revoked has been satisfactorily established. *See, e.g., People v. Chavez,* 182 Colo. 216, 511 P.2d 883 (1973); *Ruark v. People,* 164 Colo. 257, 434 P.2d 124 (1967); *People v. Rivera,* 37 Colo.App. 4, 542 P.2d 90 (1975).

Permitting a factfinder to infer a defendant's knowledge of a license revocation from prosecutorial proof that the department mailed the notice of revocation by registered mail to the defendant's last address as shown by the records of the department is supported by reason and common sense. A licensed driver is responsible for knowing the traffic laws of the state, including the sanctions applicable to a violation of or refusal to comply with those laws, and is also responsible for monitoring the effects of his own infractions on

his driving privilege. *Klingbeil v. Dept. of Revenue,* 668 P.2d 930, 933 (Colo.1983).[7] To disallow a permissive inference under these circumstances would permit a licensed driver to escape the effect of his driving misconduct by simply refusing mail from the department. We thus construe section 42–2–130(2) as authorizing only a permissive inference of knowledge, and not a conclusive presumption or a mandatory burden-shifting presumption with respect to that element of the offense.

## IV.

◼ We turn now to Instruction 10 which, after having informed the jury of the various methods of establishing the fact of revocation, stated that "[i]t shall be sufficient to prove that notice was mailed with sufficient postage by registered mail to the last known address of the defendant as shown by the records of the department." The critical consideration in determining the validity of Instruction 10 is whether a reasonable jury could have understood the instruction as relieving the state of its burden of persuasion on an essential element of the crime. *Francis,* 471 U.S. at 315, 105 S.Ct. at 1971; *Sandstrom,* 442 U.S. at 516–17, 99 S.Ct. at 2455; *Barnes,* 735 P.2d at 872. The initial focus in this analysis must be on the specific language of the instruction itself. If the instruction, considered in isolation, is constitutionally infirm, we must then determine whether the jury instructions as a whole dispelled the offending language and adequately cured the infirmity.

## A.

Although we have construed section 42–2–130(2), 17 C.R.S. (1984), on which Instruction 10 was substantially based, as authorizing only a permissive inference on the element of the defendant's knowledge of the fact of revocation, it is quite obvious that Instruction 10 was not cast in terms of a permissive inference. Instruction 10, while not employing the term "presumption," nonetheless uses the mandatory "shall" and tells the jury that proof of mailing shall be sufficient to satisfy the prosecution's burden of proof on the element of knowledge (or notice) of the fact of revocation.[8] The instruction does not tell the jury that it is not required to draw any conclusion from the prosecution's proof of mailing; it nowhere mentions to the jury that while it may infer knowledge of the revocation from the prosecution's proof of mailing, it should do so only if such inference is warranted by the evidence as a whole; and it is noticeably silent on the fact that the defendant had no burden to prove or disprove anything with respect to the element of knowledge. *E.g., Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979).

The jury could reasonably have interpreted Instruction 10 as a direction to conclusively resolve the issue of knowledge in favor of the prosecution once the jury was satisfied that the department mailed the notice of revocation by registered mail to

7. Section 42–4–1202(3)(d), 17 C.R.S. (1984), expressly provides that a person who refuses to take a chemical test "shall be subject to a license revocation." Thus, a driver who refuses chemical testing should know that his license is thereby subject to revocation. Moreover, a construction of section 42–2–130(2) that authorizes a permissive inference of knowledge is consistent with decisions of other courts addressing substantially similar statutory provisions. *State v. Atwood,* 290 N.C. 266, 225 S.E.2d 543 (1976) (mailing of notice of suspension raises only a prima facie presumption that defendant received notice and acquired knowledge of suspension); *cf. People v. Walsh,* 81 Misc.2d 757, 367 N.Y.S.2d 168 (1975) (certified copy of revocation notice from department files inadmissible without proof of mailing and therefore insufficient to raise presumption of notice).

8. While both section 42–2–130(2), 17 C.R.S. (1984), and Instruction 10 employed the term "notice," our decision in *People v. Lesh,* 668 P.2d 1362 (Colo.1983), makes clear that the "notice" referred to in section 42–2–130(2) refers to the culpable mental state of "knowingly" with regard to the fact of revocation. A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that such circumstance exists. § 18–1–501(6), 8B C.R.S. (1986). Since "knowledge" of the fact of revocation is an essential element of the offense of driving while license revoked, the trial court should properly instruct the jury on this element of the offense.

the last known address of the defendant. Alternatively, the jury could have reasonably interpreted this instruction as a direction to find the issue of knowledge in favor of the prosecution solely on the basis of the prosecution's proof of the department's mailing of the notice, unless the defendant proved the contrary, with the result that the burden of persuasion on this element of the offense would have been erroneously shifted to the defendant. *See Sandstrom*, 442 U.S. at 517, 99 S.Ct. at 2455. In short, a reasonable jury could have construed the challenged instruction as either creating a conclusive presumption on the knowledge element of the offense or as a burden-shifting presumption on that element of the offense.

### B.

■ We finally consider whether the jury instructions as a whole might have adequately cured the erroneous language in Instruction 10, so that the jury could not have understood that instruction as creating a conclusive or burden-shifting presumption as to the knowledge element of the crime. To be sure, the trial court gave general instructions on the presumption of innocence and the prosecution's burden to prove each and every element of the crime beyond a reasonable doubt. The fact remains, however, that the "shall be sufficient" language of Instruction 10 gave a clear message to the jury that the prosecution's burden of proof with respect to the knowledge element was satisfied when the prosecution proved that the notice of revocation was mailed by registered mail to the last known address of the defendant. The jury thus could reasonably have believed that, although the prosecution had the burden of proving the knowledge element beyond a reasonable doubt, proof of mailing of the notice of revocation was conclusive proof of that element or, at the very least, sufficient proof to warrant a finding of that element beyond a reasonable doubt unless the defendant presented proof that persuaded the jury to the contrary.

What we have here are some instructions appropriately informing the jury of the presumption of innocence and the prosecution's burden of proof of every essential element of a crime beyond a reasonable doubt, and other instructions stating that notice of the fact of revocation is an essential element of the offense but that the prosecution's proof of mailing alone "shall be sufficient" proof of this element.

We confronted a similar situation in *Barnes v. People*, 735 P.2d 869, where the trial court, in a prosecution for driving under the influence, appropriately instructed the jury on the presumption of innocence and the burden of proof, but incorrectly instructed the jury on the mandatory nature of the statutory presumption of intoxication and told the jury that it "must accept the presumption as if it had been factually established by the evidence" unless it was rebutted by evidence to the contrary. In holding that the irreconcilable nature of the instructions required a new trial, we stated:

> While the instructions must be viewed as a whole, we have noted that where "two instructions are in direct conflict ... and one of the instructions is an incorrect and clearly prejudicial statement of law, the fact that the other instruction contains a correct statement of law cannot clear the error." *People v. Riley*, 708 P.2d 1359, 1365–66 (Colo. 1985). In this case, we do not believe the contradictory statements in other instructions cured the mandatory presumption created by Instruction 18 [the statutory presumption of intoxication].

*Id.* at 874. The reasoning of *Barnes* is equally applicable here.

### V.

Because the jury could have reasonably understood Instruction 10 as creating a conclusive presumption on the element of knowledge, or at the very least a mandatory rebuttable presumption that shifted the burden of persuasion on that element to the defendant, and because the instructions as a whole did not explain or cure the constitutional infirmity in Instruction 10, the jury verdict did not comport with due process of law.

The judgment of the district court is accordingly reversed and the case is remanded to that court with directions to return the case to the county court for a new trial.