The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony Ray GRIEGO, Defendant–Appellant.

No. 97CA1351.

Colorado Court of Appeals, Div. IV.

Dec. 24, 1998.

Rehearing Denied Feb. 18, 1999.

Certiorari Granted Aug. 30, 1999.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and §24–51–1105, C.R.S.1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge KAPELKE.

Defendant, Anthony Ray Griego, appeals the judgment of conviction entered upon a jury verdict finding him guilty of driving after revocation prohibited. We affirm.

At trial, defendant proceeded on the theory that the prosecution had failed to prove he knew that his license had been revoked based on his status as an habitual offender, an essential element of the crime. On this issue, the prosecution presented the testimony of the arresting officer to the effect that, after the arrest, defendant had spontaneously stated that he knew he should not be driving.

Additionally, the defendant's sister testified that, during the relevant period, defendant had received mail at the family home, although he did not actually live there. The sister also stated that the return receipt slip that had accompanied the notice of the revocation bore her mother's signature. She did not, however, know what the mother had done with the notice after receiving it, and described the mother as "very forgetful."

## I.

Defendant first contends that the court erred by failing to suppress the statement that he made to the officer. Specifically, he argues that the police lacked probable cause to arrest him, and that the statement was thus the fruit of the illegal arrest and therefore should have been suppressed. We disagree.

At the suppression hearing, the arresting officer testified that defendant had been "weaving terribly," crossing three traffic lanes as he drove. As the officer followed defendant, she ran a computer check on his license plate number and learned that the registered owner "could possibly have a warrant out for his arrest."

At that point, the officer pulled defendant's truck over. Upon stopping, defendant got out of the truck and walked toward the officer. When the officer ordered him to go back to his truck, defendant at first appeared to comply, but then ran around the front of the truck and fled on foot.

Within minutes, an officer who had been called as backup spotted a man who matched the description of the driver who had been stopped. According to the officer, the man looked nervous and approached the officer from the direction of the stop. When the man heard the backup officer's engine, he sprinted away.

Assisted by a police dog, two officers followed the man down into a ravine. Ultimately, the dog located and "held" the man (defendant), causing him serious injuries in the process.

At trial, after both parties had rested, the court found that the actions of the police officers had been reasonable. In support of this conclusion, the court noted the weaving, the defendant's flight, and the fact that the officers "kn[ew] that there was a warrant for the owner of the vehicle."

As an initial matter, defendant contends that the court's finding that the officer "knew" that a warrant had been issued for the vehicle's owner was clearly erroneous. At the hearing, the officer testified that the owner "could possibly" have a warrant out for his arrest. Thus, the court's finding that the officer "knew" that a warrant had been issued was inaccurate.

Where, however, the controlling facts are undisputed in the record, the appellate court can apply the law to those facts. *People v. D.F.*, 933 P.2d 9 (Colo.1997). Here, the defense conceded there was an "unconfirmed report that the registered owner may have had a warrant." Under these circumstances, the inaccuracy in the court's recitation of the facts does not affect our review of the legal issue.

■■■ The issue is whether the combination of facts known to the officer gave rise to probable cause. Probable cause exists when "the objective facts and circumstances available to a reasonably cautious officer warrant the belief that an offense has been or is being committed by the person arrested." *People v. Alexander*, 797 P.2d 1250, 1253–54 (Colo. 1990). In making a determination of whether probable cause exists, a court must consider the totality of the circumstances. *People v. Diaz*, 793 P.2d 1181 (Colo.1990).

Further, probable cause does not require specific information that a particular crime has been committed.

> To hold otherwise would preclude police from making warrantless arrests when confronted by circumstances that overwhelmingly indicate that a crime has occurred. Such a result would not 'give fair leeway for enforcing the law in the community's protection.'

*People v. McCoy*, 870 P.2d 1231, 1236 (Colo. 1994).

■■ We conclude that, in the circumstances of this case, the officer's observation of the erratic driving, coupled with her knowledge that there might be a warrant for the vehicle's owner, provided a reasonable suspicion which, combined with the defendant's flight, ripened into probable cause. *See United States v. Wadley*, 59 F.3d 510 (5th Cir.1995)(combined with other facts, flight from a police officer can create probable cause); *United States v. Dotson*, 49 F.3d 227 (6th Cir.1995)(flight can ripen reasonable suspicion into probable cause); *Tom v. Voida*, 963 F.2d 952, 959 (7th Cir.1992)(flight in the face of an order to stop can cause pre-existing suspicions to ripen into probable cause); *United States v. Morgan*, 936 F.2d 1561 (10th Cir.1991)(facts that give rise to reasonable suspicion coupled with flight can ripen into probable cause); *United States v. Vasquez*, 534 F.2d 1142, 1145 (5th Cir. 1976)(while flight alone cannot give rise to probable cause, it may supply the "key ingredient justifying the decision of a law enforcement officer to take action"); *cf., People v. Thomas*, 660 P.2d 1272 (Colo.1983) (a stop can be justified by an individual's effort to avoid police contact coupled with officer's specific knowledge connecting that person to some other action or circumstance indicative of criminal conduct).

## II.

Defendant next contends that the trial court committed reversible error in denying his request that the jury be given the definition of "knowingly" contained in § 18–1–501(6), C.R.S.1998. We disagree.

Although § 42–2–206, C.R.S.1998, the statute defining the offense of driving while revocation prohibited, does not expressly set forth a *mens rea* element, our supreme court has held that knowledge of the fact of revocation is an essential element of the offense. *Jolly v. People*, 742 P.2d 891 (Colo.1987).

■■ Here, the court properly instructed the jury that the prosecution had to prove, among other things, that the defendant's "driving privilege was revoked as a result of his classification . . . as a Habitual Traffic Offender, and [that he] had knowledge of such revocation." The court however, denied a defense request that the jury receive an additional instruction based on *COLJI–Crim.* No. 6:01 (1983), which provides, as relevant here that:

> [A] person acts 'knowingly' with respect to . . . a circumstance described by a statute defining an offense when he is aware . . . that such circumstance exists.

The court denied the request on the grounds that the "additional definition of knowingly as opposed to knowledge would [not] be particularly helpful to the jury."

Defendant cites *People v. Parga*, 964 P.2d 571 (Colo.App.1998) and *Jolly v. People, supra*, for the proposition that the court must give the additional instruction. We conclude,

however, that the failure to do so does not constitute error.

The essence of the holdings in *Parga* and *Jolly* is that the jury must be instructed on the element of knowledge. The instruction given here adequately described that element to enable the jury to apply the law to the facts.

Judgment affirmed.

Judge NEY and Judge ROY concur.