COLORADO COURT OF APPEALS                                    2016COA109

Court of Appeals No. 15CA0682
Adams County District Court No. 14CR1195
Honorable John E. Popovich, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Demetre Cardell Boulden,

Defendant-Appellant.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE MILLER
Furman and Navarro, JJ., concur

Announced July 14, 2016

Cynthia H. Coffman, Attorney General, Molly E. McNab, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Sarah Quinn, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1	Defendant, Demetre Cardell Boulden, appeals the trial court's entry of judgment of conviction upon a jury verdict finding him guilty of driving under restraint. We conclude that under *People v. Ellison,* 14 P.3d 1034 (Colo. 2000), the mere mailing of the notice of revocation is not sufficient to establish the knowledge element of the offense of driving under restraint. We therefore vacate the judgment and sentence and remand with directions.

## I.	Background

¶ 2	A police officer pulled defendant over for driving a car with a broken headlight. When the officer checked with dispatch on the license plate number of the car, he learned that the car had been reported as stolen. Defendant's driving record indicated that his driver's license had been suspended seven months before he was pulled over.

¶ 3	Defendant was charged with second degree aggravated motor vehicle theft and driving under restraint. Following a jury trial, he was convicted of driving under restraint and acquitted of motor vehicle theft.

## II.     Sufficiency of the Evidence

¶ 4     Defendant contends that there was insufficient evidence to find defendant guilty of driving under restraint.  We agree.

### A.     Standard of Review

¶ 5     The People contend that defendant did not preserve this argument and that we should accordingly apply plain error review.  In *People v. McCoy*, 2015 COA 76M, ¶ 6, a division of this court concluded that sufficiency of the evidence claims are not subject to plain error review.  We agree.  In any event, defendant moved for judgment of acquittal at the close of the prosecution's case-in-chief based on insufficiency of the evidence of defendant's mental state.  The trial court denied the motion, expressly finding that there was sufficient evidence of defendant's knowledge for purposes of the driving under restraint charge.  Where a defendant raises an issue sufficiently to give the trial court an opportunity to rule on the claim raised on appeal, we conclude the claim is sufficiently preserved.  *See People v. Rhea*, 2014 COA 60, ¶ 55.  Accordingly, plain error review does not apply.

¶ 6     The evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational jury could have

found the essential elements of the crime beyond a reasonable doubt. *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010).

### B.    Law

¶ 7    Driving under restraint occurs when "[a]ny person who drives a motor vehicle or off-highway vehicle upon any highway of this state with *knowledge* that the person's license or privilege to drive, either as a resident or a nonresident, is under restraint for any reason other than conviction of DUI, DUI per se, DWAI, or UDD is guilty of a misdemeanor." § 42-2-138(1)(a), C.R.S. 2015 (emphasis added).  "Restraint" includes revocation or suspension of the driver's license.  § 42-2-138(4)(b).

¶ 8    Knowledge is an essential element of the crime of driving under restraint.  *See Jolly v. People*, 742 P.2d 891, 896 (Colo. 1987); *People v. Parga*, 964 P.2d 571, 572 (Colo. App. 1998).  In *Jolly*, the supreme court held that knowledge is an element in all criminal cases in which notice of a final agency action depriving a licensee of the driving privilege is an essential element of the charge, even if, as was then the case, the statute does not specifically mention knowledge.  *Jolly*, 742 P.2d at 895; *see also People v. Lesh*, 668 P.2d 1362, 1365 (Colo. 1983).

3

¶ 9    Several years later, the General Assembly expressly added the knowledge element to the driving under restraint statute, as quoted above. Ch. 207, sec. 3, § 42-2-130(1)(a), 1993 Colo. Sess. Laws 938. It also included a definition of knowledge applicable to driving under a restraint that encompasses both actual and constructive knowledge. § 42-2-130(4)(a), 1993 Colo. Sess. Laws at 939; *see also Parga*, 964 P.2d at 574. That definition is currently codified in section 42-2-138(4)(a) and provides as follows:

> "Knowledge" means actual knowledge of any restraint from whatever source or knowledge of circumstances sufficient to cause a reasonable person to be aware that such person's license or privilege to drive was under restraint. "Knowledge" does not mean knowledge of a particular restraint or knowledge of the duration of restraint.

¶ 10    The second part of the definition of knowledge, while referring to the use of an objective reasonable person standard, still "requires that *the particular defendant possess knowledge* of those circumstances that would trigger a reasonable person to believe his license was under restraint." *Ellison*, 14 P.3d at 1036-37 (emphasis added). The defendant must be "actually aware of specific circumstances." *Id.* at 1037. In *Ellison*, the supreme court

4

explained that while a defendant who saw mail arrive from the Department of Motor Vehicles (DMV), but refused to open it, might have actual knowledge of circumstances that would lead a reasonable person to believe his license was under restraint, a defendant who inadvertently threw away mail from the DMV without seeing it could not have the same actual knowledge. *Id.* at 1037, 1039. While some states make driving under restraint a strict liability crime, Colorado's "knowledge" requirement limits punishment to "those who are subjectively aware of circumstances that would lead a responsible driver to realize his license was under restraint and thus not continue to drive." *Id.* at 1039.

¶ 11　The prosecution admitted into evidence a certified copy of defendant's Colorado driver history. The history showed that defendant's driver's license had been suspended effective September 9, 2013, and had not been reinstated since that time. Attached to the driver history is a page entitled "Verification of Mailing of Notices/Orders," which includes a list of names and addresses. The following statement appears at the top of the page: "by checking off the name and initialing the statement, the mail room verifies that these notices/orders were deposited in the U.S. Mail First

Class." Defendant's name and address are listed on the page, and a handwritten check mark appears next to the entry with his name. A handwritten initial and date appears at the top of the page.

¶ 12 In closing argument, the prosecutor addressed the knowledge requirement of driving under restraint:

> If you remember back in jury selection, we talked about a driver's license, what you need to do to have a valid driver's license. And we talked about insurance. Everybody knows that they need insurance on their vehicle and that if their insurance lapses they will not have a valid driver's license anymore. Demetre Boulden knew his driver's license was under restraint.

In rebuttal closing, the prosecutor reiterated, "you can infer that notice being sent to [defendant's last known] address, a reasonable person should have known his license was suspended."

¶ 13 In an administrative driver's license revocation proceeding, it is sufficient for the DMV to mail by first-class mail a notice of revocation to the driver's last known address on record with the DMV, which would then be deemed received by the driver three days after being sent. §§ 42-2-119(2), -126(6)(b)(II), C.R.S. 2015. No provision in the Motor Vehicle Code creates a comparable presumption for purposes of criminal proceedings. *See Well*

*Augmentation Subdistrict of Cent. Colo. Water Conservancy Dist. v. City of Aurora*, 221 P.3d 399, 419 (Colo. 2009) ("When the General Assembly includes a provision in one section of a statute, but excludes the same provision from another section, we presume that the General Assembly did so purposefully."). *Ellison* clarifies that mere proof of mailing is not sufficient to prove beyond a reasonable doubt a defendant's knowledge of restraint of his driver's privilege. 14 P.3d at 1039. Here, the prosecution presented no evidence on the issue of knowledge beyond the driving record and the mailing certification.

¶ 14    The People cite *People v. Espinoza*, 195 P.3d 1122, 1128 (Colo. App. 2008), in support of the proposition that a driving record is sufficient evidence that a defendant had knowledge that his license had been revoked. We note that in *Espinoza* the driving record in question included proofs of service notifying the defendant it was unlawful for him to operate a motor vehicle in Colorado and stating that he was a habitual traffic offender. *Id.* The defendant had been previously convicted of multiple traffic offenses, as evidenced by his habitual traffic offender status. *Id.*; *see also* § 42-2-202, C.R.S.

2015. Upon being stopped by police, defendant fled by foot. *Espinoza*, 195 P.3d at 1128.

¶ 15    Thus, in *Espinoza* the record established that (1) the defendant had previously been convicted of multiple traffic offenses (he would necessarily have known of those convictions) and (2) he fled the scene when apprehended, a fact from which the jury could have inferred defendant's consciousness of guilt that he drove with knowledge of his license revocation. *See People v. Gee*, 2015 COA 151, ¶ 26 (evidence of flight may be relevant to show consciousness of guilt).

¶ 16    By contrast, however, the only evidence in the record of this case bearing on the driving under restraint charge is (1) the driving record, indicating only that defendant's license had been suspended on September 9, 2013, and not reinstated; and (2) the verification of mailing, showing that a single notice of that suspension had been mailed to his last known address on file. The prosecution presented no evidence that defendant had ever seen or was aware of either document or of the suspension of his license.

¶ 17    Accordingly, even viewing all the evidence in the light most favorable to the prosecution, we conclude that no reasonable jury

could have found that the prosecution proved the knowledge element of driving under restraint.

## III.     Remaining Issues

¶ 18     In light of our conclusion that there was insufficient evidence to sustain the conviction for driving under restraint, we need not address defendant's evidentiary arguments.

## IV.     Conclusion

¶ 19     Defendant's conviction and sentence for driving under restraint are vacated, and the trial court is directed on remand to enter a judgment of acquittal on that charge.

JUDGE FURMAN and JUDGE NAVARRO concur.